### Staunton.

### SAUNDERS v. THE COMMONWEALTH.

October 7, 1884.

CRIMINAL JURISDICTION AND PROCEEDINGS—*Writ of Error.*—In a criminal case a writ of error lies only to a final judgment.

Error to judgment of the judge of the circuit court of Rockingham county, rendered May 12th, 1882, refusing a writ of error to the judgment of the county court of said county, rendered January 21st, 1882, rejecting certain pleas tendered by the plaintiff in error, Virginius L. Saunders, to an indictment against him for petit larceny. The pleas averred that the accused, before said indictment was found, had been put upon his trial upon a warrant charging him with the same offence as alleged in the indictment, before certain justices of said county having jurisdiction of the alleged offence; and that the said justices heard the case on its merits by hearing the evidence adduced by the commonwealth and by the accused, and the argument of counsel, and then against the protest of the accused, refused to render any judgment on his guilt or innocence, but held him to answer an indictment in the said county court, and that he had been once in jeopardy upon the same charge, and could not be again tried therefor.

*Rockingham Paul, John E. Roller, O. B. Roller*, for the plaintiff in error.

*Attorney-General F. S. Blair*, for the commonwealth.

LEWIS, P., delivered the opinion of the court:

The plaintiff in error was indicted in the county court of Rockingham county for petit larceny. He appeared and filed a plea of "once in jeopardy" for the same offence, which was afterwards, on the motion of the attorney for the commonwealth, stricken out by the court as insufficient in law. He thereupon tendered a second plea of the same nature, which the court rejected. And this action of the court he assigns as error.

From the transcript of the record which accompanies the petition, it does not appear that a final judgment has been pronounced in the case, or that the case has progressed further than the order of the court rejecting the second plea tendered by the defendant. In a criminal case, a writ of error lies only to a final judgment, and as no such judgment has been pronounced in the present case, it follows that the writ of error must be dismissed as improvidently awarded.

WRIT OF ERROR DISMISSED.