# Richmond

## J. M. STURGILL AND JEFF FLANARY V. COMMONWEALTH.

February 26, 1940.

Record No. 2208.

Present, All the Justices.

The opinion states the case.

*O. M. Vicars, R. R. Parker* and *S. H. Bond,* for the plaintiffs in error.

*Abram P. Staples, Attorney-General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

We are met at the threshold of the enquiry with a motion by the Attorney General to dismiss the writ of error awarded Sturgill and Flanary as improvidently awarded because it is not directed to a final judgment, as no final judgment has ever been rendered by the circuit court against the defendants.

At the March, 1937, term of the circuit court of Wise county the defendants were jointly indicted with Wilmer Whited for the murder of one Pete Hamilton. At the first calling of the case it was continued on the motion of the Commonwealth; on August 6, 1937, the case was continued on behalf of the Commonwealth; on November 5, 1937, it was continued on motion of the defendants; on April 9, 1938, Whited elected to be tried separately. There was a mistrial of the case against Whited, and the case against Sturgill and Flanary was continued generally. On August 10, 1938, the cases were continued for the defendants, and on February 2, 1939, the cases were continued generally.

At the April, 1939, term of the court, Sturgill and Flanary appeared in person and by counsel filed their joint plea, which is as follows:

"The defendants say that the Commonwealth ought not to have and maintain this prosecution against them for this, to-wit:

"They are held in the Circuit Court of Wise County on a charge of felony and have been held in said court for trial, and since they have been so held there have been three regular terms of said court, and the failure to try them was not caused by their insanity, or by reason of their being confined in the hospital for the insane for care and observation by witnesses for the Commonwealth being enticed or kept away or prevented from attending by sickness or inevitable accident, or of continuance granted on motion of the said defendants, or by reason of their escaping from jail or failing to appear according to their recognizance, or the inability of the jury to agree in their verdict, or where there was no court held at the regular term, or where there was court held and for any reason it would be injudicious, in the opinion of the court, to have jurors and witnesses *summonsed* for that term, and of this they vouch the record."

The plea is based upon the provisions of section 4926 of the Code, as amended by Acts 1928, ch. 16, which reads:

"Every person against whom an indictment is found charging a felony and held in any court for trial, whether he be in custody or not, shall be forever discharged from prosecution for the offense, if there be three regular terms of the circuit or four of the corporation or hustings court in which the case is pending after he is so held without a trial, unless the failure to try him was caused by his insanity, or by reason of his confinement in a hospital for the insane for care and observation, or by the witnesses for the Commonwealth being enticed or kept away or prevented from attending by sickness or inevitable accident, or by continuance granted on the motion of the accused, or by reason of his escaping from jail or failing to appear according to his recognizance, or of the inability of the jury to

agree in their verdict, or where there be no court held at the regular term, or where there is court held and for any reason it would be injudicious, in the opinion of the court, to have jurors and witnesses summoned for that term, which reason shall be specially spread upon the record of the court; but the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section."

Issue was joined on the plea, the determination thereof submitted to the court upon the record evidence introduced by the defendants, and record and parol evidence introduced by the Commonwealth. On April 21, 1939, the trial court entered an order overruling the motion of defendants that they be discharged from further prosecution and struck the plea of defendants from the record. To that action of the court a writ of error was awarded.

The question in issue is, does the order entered on April 21st constitute a final judgment? The question is one of first impression, and so far as our careful examination of the decisions of this court discloses, no analogous treatment of the subject has been found.

Section 4931 of the Code, as amended by Acts 1930, ch. 393, provides that: "A writ of error shall lie in a criminal case to the judgment of a circuit court or a judge thereof, or a corporation court, or of a hustings court from the Supreme Court of Appeals." In tracing the history of this section, it is disclosed that this is substantially the same language as that contained in section 3 of chapter XVIII of the Acts of 1877-78, page 346, which was carried into the Code of 1887 as section 4052. In none of these statutes does the word "final" appear, nor does it appear in section 4931 of the present Code. At common law, it must be conceded that a writ of error was only awarded to a final judgment.

In *Saunders* v. *Commonwealth*, 79 Va. 522, it is said: "From the transcript of the record which accompanies the petition, it does not appear that a final judgment has been pronounced in the case, or that the case has progressed fur-

ther than the order of the court rejecting the second plea tendered by the defendant. In a criminal case, a writ of error lies only to a final judgment, and as no such judgment has been pronounced in the present case, it follows that the writ of error must be dismissed as improvidently awarded."

In our opinion the judgment contemplated in section 4931 is a final judgment pronounced at the end of a trial, and not an intermediate ruling of the trial court made as an incident of the trial of the case against a defendant. While it is permissible for the defendant in a criminal trial to file a plea seeking a dismissal of the prosecution under the provisions of section 4926, the rejection of the plea is but an antecedent incident to the trial of the indictment against the defendant, and is in no sense the pronouncement of a final judgment. *Sands* v. *Commonwealth,* 20 Gratt. (61 Va.) 800.

The plea filed by Sturgill and Flanary stands upon the same footing as a demurrer to an indictment, the filing of a plea of former jeopardy, or an objection to venue. We have found no case dealing with the awarding of a writ of error before verdict where a demurrer has been overruled or a plea rejected.

While, as stated, this is the first case wherein it is contended by the accused that he has the right to apply for a writ of error when his plea seeking a dismissal of the prosecution has been rejected by the trial court, there are a number of cases dealing with the rights and remedies of an accused when the provisions of the section have been allegedly violated.

In *Butts* v. *Commonwealth,* 145 Va. 800, 809, 133 S. E. 764, the remedies alluded to are a motion by the accused to discharge from further prosecution, as was done in *Sands' Case, supra,* and in *Kibler* v. *Commonwealth,* 94 Va. 804, 26 S. E. 858; or to seek release from illegal confinement by suing out a writ of *habeas corpus.* See also, *Green* v. *Commonwealth,* 1 Rob. (40 Va.) 731; *Commonwealth* v. *Adcock,* 8 Gratt. (49 Va.) 661, 662; *Bell* v. *Commonwealth,*

7 Gratt. (48 Va.) 201; *Dulin* v. *Commonwealth,* 91 Va. 718, 20 S. E. 821; *Wadley* v. *Commonwealth,* 98 Va. 803, 804, 35 S. E. 452; *Glover* v. *Commonwealth,* 86 Va. 382, 387, 10 S. E. 420, where it appears that the remedy pursued by the accused was either by writ of *habeas corpus* or by writ of error after a verdict of conviction.

For the reason stated, the writ of error is dismissed as having been improvidently awarded.

*Dismissed.*