Alexandria

MARK HAMILTON WEST

v.

COMMONWEALTH OF VIRGINIA

No. 2161-92-4

Decided June 7, 1994

COUNSEL

Harvey S. Williams (Susan A. Sinrod, on briefs), for appellant.

Donald R. Curry, Senior Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Virginia B. Theisen, Assistant Attorney General, on brief), for appellee.

OPINION

MOON, C.J.—This is an appeal from an interlocutory order in a criminal case. Defendant Mark H. West challenges a circuit court's refusal to dismiss on double jeopardy grounds his possession of marijuana with intent to distribute indictment. He maintains that on March 10, 1992, he was charged with both possession with intent to distribute more than one-half ounce but less than five pounds of marijuana and simple possession of marijuana and that he later pled guilty to simple possession in the general district court. Because this Court has no jurisdiction to decide a defendant's interlocutory appeal in a criminal case, we transfer the appeal.

 The appellate jurisdiction of the Court of Appeals is limited to the subject matter set forth in Code §§ 17-116.05 and 17-116.05:1. Our jurisdiction to decide appeals from interlocutory orders is provided by Code § 17-116.05(4), which further limits that jurisdiction to cases involving administrative agency appeals, workers' compensation appeals, and domestic relations appeals from an interlocutory decree or order in cases "(i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause." *Id.* This appeal involves no such order or decree.

West argues that, regardless of this Court's lack of statutory appellate jurisdiction to decide his appeal of the denial of a motion to dismiss on double jeopardy grounds, constitutional due process and equal protection principles require that appellate process be open to him. Otherwise, West argues, he is subjected to a second "trial" and loses the very right the Fifth Amendment protects. *See Abney v. United States*, 431 U.S. 651, 660 (1977); *United States v. Blackwell*, 900 F.2d 742, 745 (4th Cir. 1990).

 Article VI, § 1, of the Virginia Constitution is the source of original and appellate jurisdiction for Virginia courts. "The Con-

stitution provides that 'the *Supreme Court* shall, by virtue of this Constitution, have appellate jurisdiction . . . in cases involving the life or liberty of any person.' " *Campbell v. Commonwealth*, 246 Va. 174, 185, 431 S.E.2d 648, 654 (1993) (emphasis added). The general appellate jurisdiction, therefore, is in the Supreme Court and not in the Court of Appeals. Code § 17.116-05 sets forth jurisdiction of the Court of Appeals. This does not authorize an interlocutory appeal by a defendant in a criminal case.

Accordingly, West's interlocutory appeal is transferred to the Supreme Court, pursuant to Code § 8.01-677.1.

*Transferred.*

Willis, J., and Fitzpatrick, J., concurred.