# Mark H. West

## v.

# Commonwealth of Virginia

Record No. 940956

March 3, 1995

Present: All the Justices

*Harvey S. Williams* for appellant.

*Michael T. Judge, Assistant Attorney Geneal (James S. Gilmore, III, Attorney General,* on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The dispositive issue in this appeal is whether the Federal Constitution requires this Court to allow an interlocutory criminal appeal when a defendant alleges double jeopardy.

On March 10, 1992, a warrant was issued against the defendant, Mark Hamilton West, charging him with possession of marijuana with intent to distribute (a felony). The possession allegedly occurred on March 9, 1992. On March 10, 1992, another warrant was issued charging West with possession of marijuana (a misdemeanor). This possession allegedly occurred on March 10, 1992.

On April 23, 1992, West pled guilty to the misdemeanor possession charge in the general district court. The general district court accepted the guilty plea, deferred further proceedings, and placed West on probation for one year, as provided by Code § 18.2-251.

On May 19, 1992, a preliminary hearing was conducted on the felony charge, and, on July 20, 1992, a grand jury of the Circuit Court of Fairfax County indicted West thereon. Thereafter, West moved to have the felony charge dismissed. He contended that the misdemeanor was a lesser-included offense of the felony and, therefore, the subsequent prosecution of the greater offense would violate the constitutional prohibition against double jeopardy. The trial court entered an interlocutory order denying the motion to dismiss the charge.

West endeavored to appeal the interlocutory order to the Court of Appeals. The Court of Appeals ruled, however, that it did not have jurisdiction to decide an interlocutory appeal in a criminal case and transferred West's appeal to this Court. The Court of Appeals concluded that, pursuant to Article VI, Section 1 of the Constitution of Virginia, this Court has "general appellate jurisdiction" in criminal cases. *West* v. *Commonwealth,* 18 Va. App. 456, 458, 445 S.E.2d 159, 160 (1994).

We consistently have held that criminal appeals to this Court lie only to final judgments. *See, e.g., Sturgill* v. *Commonwealth,* 175 Va. 584, 7 S.E.2d 141 (1940); *Saunders* v. *Commonwealth,* 79 Va. 522 (1884). In *Saunders,* we dismissed an appeal

of a denial of a plea of former jeopardy because no final judgment had been entered. 79 Va. at 523.

West asserts, nonetheless, that the Federal Constitution requires this Court to grant him an interlocutory appeal to determine whether the trial court erred in refusing to dismiss the felony charge on double jeopardy grounds. He relies primarily on *Abney* v. *United States*, 431 U.S. 651 (1977).[1]

■ In *Abney*, the Supreme Court held that an interlocutory order denying a motion to dismiss an indictment on double jeopardy grounds came under the "collateral order" exception to the final-judgment rule and, thus, was a "final decision" within the meaning of 28 U.S.C. § 1291.[2] 431 U.S. at 657, 662. *Abney*, therefore, is inapposite because it involved the interpretation of a federal statute. *Abney* makes clear, however, that "there is no constitutional right to an appeal" and the right to an appeal in criminal cases in the federal system "is purely a creature of statute." *Id.* at 656.

■ Consequently, we hold that nothing contained in *Abney*, or in any other authorities cited by West, affects our rule that criminal appeals lie only to final judgments. Accordingly, we dismiss this appeal and remand the case to the trial court for further proceedings.

*Dismissed.*

---

[1] In his petition for appeal, West relied solely upon *Abney*. Therefore, we will not consider his due process and equal protection arguments because these arguments were not made in the petition for appeal. Rule 5:17(c).

[2] The "collateral order" exception to the final-judgment rule was first announced in *Cohen* v. *Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).