COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


CANOVA ELECTRICAL CONTRACTING, INC.,
 and ROYAL INSURANCE COMPANY OF AMERICA
                                          OPINION BY
v.  Record Nos. 0157-96-2 and      JUDGE JAMES W. BENTON, JR.
            0221-96-2                    JUNE 18, 1996

LMI INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
            Benjamin J. Trichilo (Trichilo, Bancroft,
            McGavin, Horvath & Judkins, P.C., on briefs),
            for appellants.

            William F. Karn (Cathie W. Howard; Williams &
            Pierce, on briefs), for appellee.


     These appeals arise from the commission's denial of motions
to dismiss two separate petitions for review.  Canova Electrical
Contracting, Inc. and Royal Insurance Company of America contend
that the commission erred in denying the motions to dismiss
because the commission lacked jurisdiction to consider a dispute
solely involving coverage between insurers.  For the reasons that
follow, we dismiss the appeals.

                              I.

     The evidence proved that Canova contracted to provide
electrical contracting services for a building project in
Alexandria, Virginia.  In January 1994, Canova entered into an
agreement with Tower Electric Co., in which Tower agreed to
provide electricians to work at the building project at a rate
specified in the agreement.  Canova agreed to provide all

supervision of the electricians at the building project and further agreed not to hire any Tower employees before one year after completion of the building project.

James Foley began working for Tower in May 1994. He sustained an injury by accident on July 10, 1994, while working at the building project. Foley filed a worker's compensation claim against Tower and its insurer, LMI Insurance Co. Later, at Foley's request, the commission added Canova and its insurer, Royal, to the claim as defendants. Foley alleged that he was working for Canova on loan from Tower at the time of the accident.

Carlos Real was employed by Tower in February 1994. He sustained an injury by accident on June 21, 1994, while working at the building project and filed a worker's compensation claim against Tower. Contending that Canova was Real's statutory employer at the time of the accident, Tower requested that Canova be included as a defendant to the claim. The commission granted the request.

Following separate evidentiary hearings on these two claims, a deputy commissioner ruled in each case that "it was the parties' intent that Tower employees would continue to be employees of Tower and not the servants of Canova." The deputy commissioner entered awards on behalf of "Foley against Tower Electric Co. and LMI Insurance Co." and "Real against Tower Electric Co. and LMI Insurance Co."

LMI filed requests for review from both decisions.  Canova filed motions to dismiss the requests for review, alleging, in part, that LMI was acting on its own behalf, that "no appeal has been filed on behalf of the insured of LMI Insurance Company, Tower Electric Company," and that "LMI Insurance Company has no standing to file an appeal where there is an adjudication by the commission that its insured, Tower Electric Company, is obligated under a final Order of the commission to pay compensation benefits."

In denying the motions to dismiss, the commission issued separate opinions containing identical language.  In pertinent part, the commission ruled as follows:

> An award of the commission is at issue in the current proceeding because the Deputy Commissioner has decided which of two named defendant employers is responsible for the payment of benefits.  In the present appeal, fundamental issues of liability are still at issue since a decision of the Commission is not final until all appeals have been exhausted or until the time for appeal has passed.  As a result of this consideration regarding finality, there has been no final determination regarding the employer in the present matter.  Therefore, the issue before the Commission affects the employee's rights. . . .  [T]he matter before the Commission is not solely a contest between two compensation carriers.
>
> In addition, Code of Virginia § 65.2-101 provides a definition of an employer as follows:
>
>> (i) any person, the Commonwealth or any political subdivision thereof and any individual, firm, association or corporation, or the receiver or trustee of the same, or

> the legal representative of a
> deceased employer, using the
> service of another to pay for (ii)
> any volunteer fire company or
> volunteer lifesaving or rescue
> squad electing to be included and
> maintaining coverage as an employer
> under this title.  <u>If the employer
> is insured, it includes his insurer
> so far as applicable</u>.

(emphasis added).

> Even though LMI's Petition for Review to the
> full Commission did not name the employer,
> given the statutory inclusion of an insurer
> in the definition of employer found in
> § 65.2-101, in a workers' compensation
> proceeding, the identities of an employer and
> insurer are by their nature intertwined.
> Therefore, Tower Electric Company is
> necessarily a party to the review.

Canova appeals to this Court from that ruling by the commission denying Canova's motion to dismiss.

II.

The Court of Appeals of Virginia is a court of limited jurisdiction.  <u>West v. Commonwealth</u>, 18 Va. App. 456, 457, 445 S.E.2d 159, 159 (1994), <u>appeal</u> <u>dismissed</u>, 249 Va. 241, 455 S.E.2d 15 (1995).  Unless a statute confers jurisdiction in this Court, we are without power to review an appeal.  <u>Polumbo v. Polumbo</u>, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991).  Code § 17-116.05(2) grants this Court the authority to hear "[a]ny <u>final decision</u> of the Industrial Commission of Virginia." (Emphasis added).

In this case, Canova and Royal appealed the commission's denial of their motions to dismiss two companion cases.  Although

- 4 -

the commission initially expressed its intent to decide the motions to dismiss contemporaneously with its review of the deputy commissioner's decisions upon the merits, the commission, instead, at the request of the parties, first ruled upon the motion to dismiss. It overruled the motions to dismiss prior to reviewing the merits of the deputy commissioner's opinion. Indeed, the record contains no indication that the commission has reviewed the merits of the case. A decision denying a motion to dismiss is not a final order. See West, 249 Va. at 242-43, 455 S.E.2d at 1-2 (the denial of a motion to dismiss a criminal charge is not a final judgment); 4 Am. Jur. 2d Appellate Review § 165 (1995 & Supp. 1996). Thus, this appeal does not meet the requirement of Code § 17-116.05(2).

This Court may also review, however, "[a]ny interlocutory decree or order . . . (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause" in a case over which this Court has jurisdiction. Code § 17-116.05(4); West, 18 Va. App. at 457, 445 S.E.2d at 159, appeal dismissed, 249 Va. at 241, 455 S.E.2d at 1. This appeal does not involve an injunction. Furthermore, an order adjudicates the principles of a cause only if it determines the rights of the parties and affects the final order in the case. Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991).

> "The [order] must determine that 'the rules
> or methods by which the rights of the parties
> are to be finally worked out have been so far

- 5 -

> determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.'"

Id. (citation omitted).

In ruling upon the motions to dismiss, the commission did not resolve any factual or legal issues concerning the merits of the cases. The commission's denial of the motions will not affect its final decision of the cases. Except in those instances defined by Code § 17-116.05(4), no provisions of Code § 17-116.05 or any other statute allow this Court to review interlocutory appeals. Thus, lacking jurisdiction, we dismiss the appeals.

Dismissed.