JUSTICE LACY, with whom JUSTICE KEENAN
joins, concurring.
I write separately because, while the majority’s disposition resolves the case, its rationale does not address the principal issue raised by the defendant in this appeal.
Steven Johnson has consistently based his claim that he was denied a speedy trial on his interpretation of the final sentence of Code § 19.2-243, the speedy trial statute. That sentence provides:
But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section.
Johnson asserts that when his first trial began, approximately one month and 14 days of the five-month period prescribed by the statute remained unused. Johnson construes the quoted portion of the statute as “tolling” the running of this unused period until December 14, 1993, when the Court of Appeals reversed his conviction and remanded the case for a new trial. At that point, under Johnson’s *431 theory the tolling ceased and the Commonwealth was required to commence his second trial within the unused one month and 14 days. Because his second trial did not commence within that period, he concludes that the speedy trial statute was violated and the charges against him must be dismissed.
The lynchpin of Johnson’s argument is that if the time periods established in the speedy trial act only apply to the commencement of his initial trial, as the Court of Appeals concluded, the reference in the statute to time elapsed “during the pendency of any appeal” is meaningless. I disagree with Johnson.
The Court of Appeals construed the sentence in question as applying only to pre-trial appeals. This sentence was added to the speedy trial statute in 1894. Acts of Assembly, 1893-94, p. 464. Although there were no specific statutory procedures for pretrial appeals at that time, defendants nevertheless pursued appeals prior to the commencement of the first trial. See e.g. Saunders v. Commonwealth, 79 Va. 522, 523 (1884) (appeal of denial of double jeopardy plea dismissed when case had not “progressed further than the order of the court rejecting the second plea tendered by the defendant”). Furthermore, in its very next session 1895-96, the General Assembly enacted legislation providing statutory procedures for pretrial appeals in certain situations. Acts of Assembly, 1895-96, p. 365-66.
Construing the statute as suggested by Johnson and thereby allowing dismissal of criminal charges under these circumstances is not required in order to provide a defendant with the protection of a speedy trial, and I cannot ascribe such an intent to the General Assembly. The Court of Appeals’ interpretation of the statute imposes statutory periods that guarantee a timely commencement of a defendant’s first trial, and leaves evaluation of the timeliness of second and subsequent trials to the standards developed under the state and federal constitutions. See Barker v. Wingo, 407 U.S. 514 (1972).
Although this Court has not addressed the specific issue presented in this appeal, we have previously stated that the statutory requirement for a speedy trial is satisfied if the trial is commenced within the requisite period. Butts v. Commonwealth, 145 Va. 800, 133 S.E. 764 (1926) (statute satisfied although trial court’s final judgment not entered within the statutory period). The Court of Appeals’ construction of the last paragraph of the statute is consistent with this statement and is the proper interpretation of § 19.2-243. Therefore, *432 for the reasons stated, I concur in the disposition reached by the majority.