COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


RANDALL A. STRAWBRIDGE and
 STATE BUILDING CODE TECHNICAL
 REVIEW BOARD
                                            OPINION BY
v.  Record Nos. 2438-95-2          JUDGE JAMES W. BENTON, JR.
          2521-95-2                     NOVEMBER 19, 1996

COUNTY OF CHESTERFIELD, VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       William R. Shelton, Judge

              William F. Etherington (Beale, Balfour,
              Davidson, Etherington & Parker, P.C., on
              brief), for appellant Randall A. Strawbridge.

              John B. Purcell, Jr., Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief) for appellant State
              Building Code Technical Review Board.

              Stylian P. Parthemos, Senior Assistant County
              Attorney (Steven L. Micas, County Attorney,
              on brief), for appellee.


     Randall A. Strawbridge, a professional engineer, and the

State Building Code Technical Review Board appeal a circuit

judge's decision reversing a ruling of the Review Board and

referring the case back to the Chesterfield County Board of

Building Code Appeals for a ruling on the merits.  We must

decide: (1) Whether Chesterfield County had standing to appeal

the decision of the Review Board to the circuit court; (2)

whether Strawbridge had standing to appeal the decision of the

County Board of Appeals to the Review Board; (3) whether the

Review Board had jurisdiction; and (4) whether the Review Board's

ruling was erroneous.  For the reasons that follow, we reverse the circuit judge's decision.

I.

Tomac Corporation, a builder, hired Strawbridge to inspect concrete pours at a residential construction project in Chesterfield County.  The inspection was required by the Virginia Uniform Statewide Building Code ("USBC") and had to be made on-site when concrete was poured for a building's foundation.  An inspector is required to examine the concrete's strength and customarily uses a tool known as a "slump cone" for that measurement.  Although these inspections are ordinarily conducted by Chesterfield County employees, the County also accepts inspections by private engineers such as Strawbridge.

While traveling to the site, Strawbridge's vehicle became disabled.  The builder sent a truck to bring Strawbridge to the site.  When Strawbridge arrived at the site, the trucks were ready to pour concrete.  However, Strawbridge discovered that he had inadvertently left his slump cone in his vehicle.  To prevent further delay, Strawbridge conducted a visual slump test.  During the test, William Dupler, a County building official, arrived at the site and noticed that Strawbridge was not using a slump cone. He asked Strawbridge to conduct the tests with a slump cone. Strawbridge obtained his slump cone from his vehicle and continued testing the concrete with the slump cone.

Upon receiving Strawbridge's inspection report, Dupler

- 2 -

rejected the tests. He informed Strawbridge in writing that he would not accept the report and would no longer accept any concrete pour inspections from Strawbridge. Dupler also required Tomac to obtain further tests using an alternative method. Those tests confirmed Strawbridge's report that the concrete met the County's requirements.

Strawbridge appealed Dupler's decision to the County Board of Appeals and requested that the County Board of Appeals reverse Dupler's decision to bar him from conducting inspections. Ruling that the appeal was not authorized by the USBC, the County Board of Appeals dismissed the case. Strawbridge appealed that decision to the Review Board. The Review Board directed Strawbridge to submit a statement of facts demonstrating that his case was governed by the USBC and it also ordered the County to submit a reply to Strawbridge's statement. Based upon the submissions, the Review Board decided that it had jurisdiction and conducted an evidentiary hearing. The Review Board then ruled "that the building official acted arbitrarily under Section 107.1 of the USBC when he rejected the technical data submitted by Mr. Strawbridge, and that the building official may not summarily reject any future engineering reports made by Mr. Strawbridge."

Pursuant to the Administrative Process Act ("APA"), Code § 9-6.14:1, the County appealed to the Circuit Court of Chesterfield County. The County alleged that (1) the Review

Board incorrectly decided that it had jurisdiction to review the inspection decision, (2) the Review Board erred in ruling on the merits of the appeal and should have remanded the case to the County Board of Appeals, and (3) the Review Board incorrectly reversed the inspection decision. Strawbridge and the Review Board filed a motion to dismiss the appeal, arguing that the County lacked standing to bring the action in the circuit court.

The circuit court judge denied the motion to dismiss, heard the appeal, and ruled that the Review Board had jurisdiction solely to determine whether the County Board of Appeals should have dismissed the appeal for lack of jurisdiction. Thus, the judge found that the Review Board should not have decided the merits of the appeal and remanded the case to the Review Board with instructions that the County Board of Appeals should decide the merits of the case. Strawbridge and the Review Board appealed to this Court from that decision.

## II.

The General Assembly statutorily established the framework for the adoption and enforcement of the USBC. The Code directs the Board of Housing and Community Development, a state agency, "to adopt and promulgate a Uniform Statewide Building Code [USBC]." Code § 36-98. Except as provided by the building code statutes, the USBC "shall supersede the building codes and regulations of the counties, municipalities and other political subdivisions and state agencies." Id. Pursuant to this mandate,

the Board of Housing and Community Development adopted a set of regulations entitled the "Virginia Uniform Statewide Building Code" [USBC].

The General Assembly specified that "[e]nforcement of the [USBC] shall be the responsibility of the local building department" and that each local building department must establish a local board of Building Code appeals. Code § 36-105. "Appeals from the local building department concerning application of the [USBC] . . . shall first lie to the local board of Building Code appeals." Code § 36-105. The General Assembly also established the Review Board and gave it "the power and duty to hear all appeals from decisions [of the local board of Building Code appeals] arising under application of the Building Code." Code § 36-114. The USBC contains regulations consistent with the building code statutes. See USBC §§ 102, 103, and 116 (formerly §§ 116 and 117).

III.

The Review Board and Strawbridge contend that the County did not have standing to appeal the Review Board's decision to the circuit court. We disagree.

Proceedings of the Review Board are governed by the APA. Code § 36-114. The APA states that "[a]ny . . . party aggrieved by and claiming unlawfulness of a case decision . . . shall have a right to the direct review [of the decision] by an appropriate and timely court action." Code § 9-6.14:16(A). Thus, the County

- 5 -

may appeal if (1) the Review Board's decision constitutes a "case decision," (2) the County was a named party in the Review Board proceeding, and (3) the County was aggrieved by the agency ruling.  See id.

The Review Board's decision was a "case decision" because it was an "agency proceeding or determination that . . . a named party . . . either is, [or] is not . . . in compliance with any existing requirement for obtaining or retaining a . . . right or benefit."  Code § 9-6.14:4(D) (defining "case decision").  In ruling that the "building official acted arbitrarily under Section 107.1 of the USBC," the Review Board decided that Dupler, the County's building official, was not in compliance with the USBC, and, therefore, he did not have the right to reject Strawbridge's reports.  In addition, this was a case decision because it included an application of the law to the facts of this particular case.  See Kenley v. Newport News Gen. & Non-Sectarian Hosp. Ass'n, 227 Va. 39, 45, 314 S.E.2d 52, 55 (1984) (holding that a letter written by the State Health Commissioner was a case decision because the Commissioner "applied the rules and regulations to the facts" gathered at a previous meeting).

The County was a named party in the Review Board's proceeding because the Review Board's decision was styled, Randall A. Strawbridge, P.E. v. County of Chesterfield.  More importantly, the record establishes that the County participated throughout the Review Board's proceedings.  The Review Board

directed the County to respond to Strawbridge's statement of facts. The County attorney represented the County in the proceeding, presented an opening statement, and had the opportunity to cross-examine witnesses. Indeed, Strawbridge appealed the case to the Review Board because of the action of officials acting on behalf of the County.

Finally, the County was "aggrieved" by the ruling. "'The word "aggrieved" in a statute . . . refers to a substantial grievance, a denial of some personal or property right, . . . or the imposition upon a party of a burden or obligation.'" D'Alessio v. Lukhard, 5 Va. App. 404, 408, 363 S.E.2d 715, 718 (1988) (citations omitted). The Review Board's decision denied the County the right to "summarily reject any future engineering reports made by . . . Strawbridge." Before this ruling, the County, by its appointed official, adopted a policy to reject any reports submitted by Strawbridge. Obviously, the Review Board's decision forced the County to change its policy. By ordering the County to consider Strawbridge's reports, the Review Board imposed an obligation on the County and, thus, the County was aggrieved. Therefore, we find that the County met the requirements to appeal the Review Board's decision.

IV.

The County argues that Strawbridge did not have standing to appeal Dupler's decision. However, the regulations provide as follows:

> The owner of a building, the owner's agent,

- 7 -

or any other person, firm or corporation directly involved in the design and/or construction of a building or structure may appeal to the local Building Code Board of Appeals within 90 calendar days from a decision of the building official when it is claimed that:

1. The building official has refused to grant a modification which complies with the intent of the provisions of the USBC; or

2. The true intent of the USBC has been incorrectly interpreted; or

3. The provisions of the USBC do not fully apply; or

4. The use of a form of construction that is equal to or better than that specified in the USBC has been denied.

§ 116.7 (currently § 116.5, as amended).

The County claims that Strawbridge cannot be classified as an "owner of a building, the owner's agent, or any other person, firm or corporation directly involved in the design and/or construction of a building or structure." That argument lacks merit because the inspections were an integral part of the construction process. The evidence proved that the builder requested Strawbridge to perform the inspection and paid for his services. In addition, Strawbridge's inspection was a critical prerequisite to the construction of the home because the USBC requires the inspection of concrete pours. Strawbridge directly contributed to the construction because without his test the building would not have complied with USBC standards.

The County also contends that the appeal does not involve

the "design and/or construction of a building" because Strawbridge appealed the decision to bar him from future projects and not the rejection of his inspection report. That contention is not supported by the record. As evidenced by the Review Board's ruling, Strawbridge appealed both the rejection of the specific inspection report and the rejection of any future reports. Furthermore, the County ignores the substance of Dupler's action. In his letter to Strawbridge, Dupler rejected the inspection report and also refused to accept any further concrete inspection reports. These decisions were intertwined.

Strawbridge's initial letter to the County Board of Appeals properly raised the issue and stated as follows:

> I am writing to request a review and reversal of the Building Official's decision to stop my firm from making concrete pour inspections for house footings in Chesterfield County. His decision was based on circumstances which occurred in connection with [my inspection of a residence on May 11, 1993].

The propriety of Dupler's decision to bar Strawbridge from making future inspections turned on the inadequacy of the May 11 report. If Dupler erred in refusing to accept that report, he also erred in using that report as grounds to bar Strawbridge from making future reports. Obviously, the County Board of Appeals was required to examine both of Dupler's decisions together. We hold, therefore, that Strawbridge meets the regulation's requirement of "any other person . . . directly involved in the . . . construction" and had standing to appeal Dupler's decision.

V.

Strawbridge and the Review Board claim that the circuit court judge erred in ruling that the Review Board lacked jurisdiction to decide the merits of Strawbridge's appeal.  The Code states that "no appeal to the . . . Review Board shall lie prior to a final determination by the local board of Building Code Appeals."  Code § 36-105.

At a hearing on July 20, 1993, the County Board of Appeals voted "that we do not hear . . . Strawbridge's appeal based upon Sec. 116.7 [§ 116.5 as amended] of the Virginia Uniform Statewide Building Code."  In addition, the letter from the local board to Strawbridge contained the following language, now required by USBC § 116.8.1:  "Upon receipt of this decision, any person who was a party to the appeal may appeal to the . . . Review Board by submitting an application to the State Board . . . ."  The County Board of Appeals clearly intended its dismissal to constitute a final and appealable determination.  Cf. Marchant & Taylor v. Mathews Co., 139 Va. 723, 733, 124 S.E. 420, 423 (1924) ("[T]he order by its very terms is not final.").

Furthermore, the County Board of Appeals determination "that [Strawbridge's] appeal was not within the confines of . . . Sec. 116.0 of the USBC" was the equivalent of a dismissal order and was a final determination of the appeal.  See Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964) ("A final order is one which disposes of the whole subject, gives all

the relief contemplated, . . . and leaves nothing to be done in the cause . . . ."). In deciding not to hear the case, the County Board of Appeals decided to take no further action regarding the case. That ruling was a final determination.

The County cites no authority for its argument that, after the Review Board determined that the County Board of Appeals erred in dismissing Strawbridge's appeal, the Review Board was required to remand the case to the County Board of Appeals for a ruling on the merits. Neither the Code nor the USBC requires the Review Board to remand in such an instance. We hold, therefore, that the Review Board did not err in conducting a hearing and issuing a ruling on the merits of Strawbridge's appeal.

VI.

The County argues that the Review Board erred in ruling that Dupler acted arbitrarily. The principle is well established, however, that in reviewing proceedings governed by the APA, "agency action is presumed valid on review, and the burden rests 'upon the party complaining' to overcome this presumption." Environmental Defense Fund, Inc. v. Virginia State Water Control Bd., 15 Va. App. 271, 277, 422 S.E.2d 608, 611 (1992) (quoting Code § 9-6.14:17). On review of an agency's decision, the sole question regarding "factual issues is whether substantial evidence exists in the agency record to support the agency's decision." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988). "The court may reject the agency's

findings of fact 'only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.'" Atkinson v. Virginia Alcoholic Beverage Control Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985) (citation omitted).

The evidence at the Review Board hearing created a question of fact -- whether the testing performed by Strawbridge met the standards of the USBC -- uniquely suited for the Review Board's expertise.  Robert A. Hill and Edward C. Drahos, professional engineers, attested to the accuracy of visual slump tests. Strawbridge testified concerning the events of that day and explained that a professional could measure slump accurately without a slump cone.  Thus, the record contained credible testimony that visual inspection by an engineer can be an accurate and effective means of testing the slumping of concrete.  Furthermore, tests conducted after the concrete pour confirmed the accuracy of Strawbridge's visual test.  The Review Board found that Dupler acted arbitrarily in rejecting Strawbridge's report and ruled that the County could not summarily reject any future reports filed by Strawbridge.  We find no evidence that would justify overturning the Review Board's findings.

For these reasons, we reverse the trial judge's decision.

Reversed.