COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Haley and Powell
Argued at Richmond, Virginia


VIRGINIA DEPARTMENT OF CORRECTIONS

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1920-10-2                       JUDGE ROBERT P. FRANK
                                                        MAY 3, 2011
CELIA W. HODGES


                FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
                            Leslie M. Osborn, Judge

            J. Michael Parsons, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on briefs), for appellant.

            John B. Mann (John B. Mann, P.C., on brief), for appellee.


        Virginia Department of Corrections (VDOC) appeals the circuit court's ruling that

remanded this grievance appeal to the hearing officer for a *de novo* hearing.  On appeal, VDOC

contends the circuit court erred in (1) setting aside the ruling of the hearing officer; and

(2) remanding the grievance to the hearing officer for a *de novo* hearing.  On cross assignments of

error, the appellee, Celia W. Hodges (Hodges) maintains:  (1) this appeal should be dismissed for

VDOC's failure to comply with Rule 5A:12[1]; (2) VDOC's failure to file the transcript of the

grievance hearing requires the denial of this appeal[2]; and (3) the circuit court's orders are not final

orders and not subject to appeal.  Hodges filed a motion to dismiss based on this last point.  For the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Rule 5A:12 of the Rules of the Court of Appeals of Virginia applies only to petitions for appeal and is not relevant to this civil matter.

[2] Appellee's argument is premised on Rule 5A:8 of the Rules of the Court of Appeals of Virginia, which applies only to filing transcripts with this Court and not to a transcript of the agency hearing.

reasons stated, we grant the motion to dismiss. Thus, we do not reach the other issues raised in this appeal.

## BACKGROUND

We only address the facts and procedural history necessary to resolve the motion to dismiss.

Hodges, a correctional officer with VDOC, was given a Group III Written Notice on February 2, 2009. She was discharged from employment on the same date, subject to the Group III Written Notice. Hodges filed a grievance and ultimately the agency upheld the personnel action and discharged Hodges.

Hodges appealed this decision to the circuit court. Pursuant to Code § 2.2-3006(B), her notice of appeal alleged *inter alia* the decision to terminate her employment was "not based upon substantial evidence . . . ." Pursuant to the same code subsection, VDOC transmitted a copy of the grievance record to the circuit court. However, a part of the hearing record, Tape #3, was not transmitted, apparently because it was lost. The tape contained approximately 1-1/2 hours of testimony before the hearing officer.

By its order entered July 20, 2010, the circuit court found VDOC failed to provide the entire record, concluding it could not properly review the agency's decision. The circuit court found the entire record is "indispensable for the court's consideration of the review of the grievance." The circuit court set aside the hearing officer's ruling and remanded the grievance proceeding to the agency to conduct a *de novo* hearing.

VDOC filed a motion to reconsider and by its order of August 31, 2010, the circuit court affirmed its July 20, 2010 order. It should be noted that neither order removed the grievance appeal from the docket.

This appeal follows.

ANALYSIS

The issue raised in the motion to dismiss is whether the circuit court orders of July 20, 2010 and August 31, 2010 are final or interlocutory in nature.

VDOC contends that because the July 20, 2010 order set aside the agency's ruling, it is final and that the circuit court, by its remand, had no further ability to decide the case. Hodges argues that the remand orders are interlocutory orders.

"The Court of Appeals of Virginia is a court of limited jurisdiction." Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 830 (1996) (quoting West v. Commonwealth, 18 Va. App. 456, 457, 445 S.E.2d 159, 159 (1994), appeal dismissed, 249 Va. 241, 455 S.E.2d 1 (1995)). "Unless a statute confers jurisdiction in this Court, we are without power to review an appeal." Id. (quoting Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991)). This Court, by statute, has appellate jurisdiction over any final decision of a circuit court on appeal from a decision of an administrative agency. Code § 17.1-405(1). [3]

"A final decree is one 'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court.'" Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (quoting Southwest Virginia Hosps. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951)).

In Volkswagen of America, Inc. v. Quillian, 39 Va. App. 35, 569 S.E.2d 744 (2002), [4] we addressed the effect of the circuit court's remand order. There, the circuit court's "Final Decree

---

[3] VDOC does not argue that we have jurisdiction under Code § 17.1-405(4) for an interlocutory order "granting, dissolving or denying an injunction or . . . adjudicating the principles of a cause."

[4] This case was later reversed on other grounds, but our conclusion regarding the final decree was undisturbed.

and Order of Dismissal" affirmed the agency's determination that Volkswagen's allocation methodology violated the code and remanded the matter to the agency for modification of the remedy. We concluded that order was not a final decree because it did not dispose of the whole subject matter nor did it give all the relief requested. In its complaint, the appellee sought a determination that Volkswagen's allocation system violated the applicable code provision and sought a remedy for that violation. The circuit court's decision answered the first issue but remanded the matter to the agency for the resolution of the latter.

Here, the circuit court's order addressed none of the issues contained in Hodges' appeal from the agency's decision. The basis of Hodges' appeal to the circuit court was that the agency's decision to terminate her employment was not based on substantial evidence and that VDOC denied her a full and fair review.

The circuit court, because of the inadequacy of the grievance record, being indispensable for a proper review, was unable to review the grievance ruling. Therefore, because the missing testimony could not be retrieved, it was necessary for the agency to conduct a *de novo* hearing.

Appellant cites Virginia Department of Corrections v. Compton, 47 Va. App. 202, 623 S.E.2d 397 (2005), for the proposition that the circuit court *may* rely on the decision of the hearing officer and exhibits admitted, rather than the transcript itself. We do not disagree with that observation. However, Compton does not require the circuit court to ignore the transcript. Here, the circuit court, unlike the judge in Compton, specifically chose not to rely on the hearing officer's decision, finding that the full tapes were "indispensable for the court's consideration of the review of the grievance."

VDOC, at oral argument, conceded that the circuit court may choose to rely on the entire record. Clearly Code § 2.2-3006(B), by requiring the filing of the "grievance record," envisions more than simply filing the decision of the hearing officer. From the entire record, it is clear the

circuit court determined it needed a complete record to determine the merits of Hodges' grievance appeal.

Without the full tapes, the circuit court was unable to determine whether the agency decision was contrary to law. On appeal, a hearing officer's decision is subject to reversal only if it is contrary to law.

> The "contradictory to law" standard of appellate review is unique to cases brought pursuant to the State Grievance Procedure. See [Va. Dep't of State Police v. Barton, 39 Va. App. 439, 445, 573 S.E.2d 319, 322 (2002)] (noting that Code § 2.2-3006(B) "represents the first and only appearance of the phrase 'contradictory to law' in the Code of Virginia as a standard of appellate review"). "Law," when used in this context, is limited to "constitutional provisions, statutes, regulations, or judicial decisions . . . ." Id.

Compton, 47 Va. App. at 219, 623 S.E.2d at 405.

VDOC contends that because the circuit court's review is limited to issues of law, the transcript of testimony is irrelevant. This argument ignores the express language of Code § 2.2-3006(B), which mandates the filing of the "grievance record." VDOC does not argue the transcript is not part of that record.

Further, the fact that the circuit court did not remove the case from the docket indicated that the matter would be re-visited when it received the proper record.

Our decision in Strawbridge v. County of Chesterfield, 23 Va. App. 493, 477 S.E.2d 789 (1996), does not require a different conclusion. There, we held the County Board of Appeals' ruling that the appeal is dismissed is a "final determination." The dismissal was premised on an interpretation of applicable building code regulations. There, the dismissal order disposed of the whole subject and gave all relief contemplated. As it did not remand for any further action, it left nothing to be done.

Here, by necessity, the circuit court had to set aside the agency's decision.  Otherwise, that decision would stand and the circuit court's remand order would be ineffectual.  We conclude that the circuit court's orders of July 10, 2010 and August 31, 2010 are interlocutory.  Thus we have no jurisdiction to entertain this appeal.

We grant the motion to dismiss without prejudice for either party to appeal upon the circuit court's ruling on the merits of the grievance proceedings.

<u>Dismissed.</u>