# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 6th day of December, 2018.*

Present: All the Justices

Oswaldo Elias Martinez,                                                                Appellant,

 against          Record No. 180179
                  Circuit Court Nos. CR05014512-00 and -03

Commonwealth of Virginia,                                                          Appellee.

Upon an appeal from a judgment rendered by the Circuit Court of the City of Williamsburg and James City County.

Upon consideration of the record, briefs, and arguments of counsel, for the reasons set forth below, the Court is of opinion that it does not have jurisdiction to consider this appeal.

On May 19, 2005, Oswaldo Elias Martinez (Martinez) was indicted in the Circuit Court of the City of Williamsburg and James City County, for two counts of capital murder, in violation of Code § 18.2-31, for events alleged to have occurred on January 2, 2005. The circuit court ordered that Martinez, a deaf and mute individual from El Salvador, be evaluated for his "capacity to understand the proceedings against him or to assist in his own defense."

On September 30, 2005, the circuit court determined that Martinez was incompetent to stand trial because of severe deficits in expressive and receptive language. The court ordered that he receive inpatient treatment to restore his competency pursuant to Code § 19.2-169.2.

From 2006 through 2013, Martinez received in-patient treatment and the circuit court conducted biannual evaluations to determine whether Martinez remained incompetent. On September 19, 2013, the circuit court entered an order finding Martinez "incompetent to stand trial" and "likely to remain incompetent for the foreseeable future."

Martinez continued with in-patient treatment. The circuit court continued to do periodic evaluations as required by Code § 19.2-169.3, each time finding that Martinez remained incompetent to stand trial and directing his continued in-patient treatment.

On April 26, 2016, Martinez filed a motion to dismiss the capital indictments. Martinez submitted a memorandum arguing that the ordered treatment was not medical in nature and that it was not "medically appropriate" under Code § 19.2-169.3(F). The court denied the motion to dismiss Martinez's capital offenses and found that Martinez remained incompetent to stand trial, that his continued treatment was medically appropriate, and that he presents a danger to himself and others. The circuit court entered an order directing Central State Hospital to continue treating Martinez "in an effort to restore him to competency."

On November 4, 2016, Martinez filed a second motion to dismiss, arguing that Code § 19.2-169.3(F) was unconstitutional because it violated his rights to due process, equal protection, and a speedy trial. The circuit court denied the second motion to dismiss. Martinez filed a motion to reconsider, arguing in part that Code § 19.2-169.3(F) violates the Fourteenth Amendment's guarantee of equal protection because it does not include a right of direct appeal for a defendant who has been found unrestorably incompetent to stand trial.

The circuit court denied the motion for reconsideration and found that its determination was appealable as a civil commitment order pursuant to Code § 8.01-670(A)(3). The circuit court entered an order memorializing its rulings on November 2, 2017.

Martinez appeals to this Court. He contends that this Court has jurisdiction to consider his appeal pursuant to Code § 8.01-670(A)(3). This Court granted the appeal by order dated June 4, 2018 and directed the parties to address the issue of this Court's jurisdiction to consider the appeal.

"Subject matter jurisdiction is the authority granted through constitution or statute to adjudicate a class of cases or controversies." *Gray v. Binder*, 294 Va. 268, 275 (2017) (citation and internal quotation marks omitted). "A challenge to subject matter jurisdiction presents a question of law that we review de novo." *Id.*

Undisputedly, this Court has jurisdiction over an appeal from "a final judgment in [a] civil case." Code § 8.01-670(A)(3). However, equally undisputedly, in a criminal case, with the exception of cases in which the death penalty has been imposed, an appeal lies first with the Court of Appeals. Code §§ 17.1-406(A)(i) and 19.2-317(A). Thus, we must determine whether this appeal is from a purported judgment in a civil case or a criminal case.

"[I]t is the nature of the method employed to seek relief from a criminal conviction and the circumstances under which the method is employed that determine whether an appeal is civil

2

or criminal in nature." *Commonwealth v. Southerly*, 262 Va. 294, 299 (2001). When a criminal defendant submits "an appeal from the conviction itself or from action on motions filed and disposed of while the trial court retains jurisdiction over the case, the appeal is criminal in nature." *Id.*

The determination of one's competency to stand trial occurs while the circuit court retains jurisdiction over the criminal prosecution. Trial competency determinations are necessary because "the Due Process Clause of the Fourteenth Amendment prohibits the *criminal prosecution* of a defendant who is not competent to stand trial." *Dang v. Commonwealth*, 287 Va. 132, 144 (2014) (emphasis added) (citation and internal quotation marks omitted). A finding of incompetency to stand trial requires "*suspension of the criminal trial* until such time, if any, that the defendant regains the capacity to *participate in his defense* and understand the proceedings against him." *Medina v. California*, 505 U.S. 437, 448 (1992) (emphases added).

Additionally, as provided in Code §§ 19.2-169.1 through -169.3, a trial competency determination is initiated by criminal charges, occurs after an attorney is appointed, suspends the criminal prosecution, permits the dismissal of certain charges, and asks whether the defendant "lacks substantial capacity to understand the [*criminal*] *proceedings* against him or to assist his attorney in his own defense" of criminal charges. Code § 19.2-169.1(A) (emphasis added); *see Beck v. Angelone*, 261 F.3d 377, 388 (4th Cir. 2001) (recognizing that neither mental illness, low intelligence, mental deficiency, irrational behavior, volatile behavior, nor the need for anti-psychotic medication can establish incompetency to stand trial). Accordingly, we conclude that the determination of one's competency to stand trial is "part of [a] purely criminal process," and the appeal from such determination is criminal in nature. Therefore, this Court does not have jurisdiction to consider the appeal in this case.

Further, there is a question of whether a final order was entered in the circuit court. Under Code § 8.01-677.1, this Court may transfer an appeal to the Court of Appeals that was filed in this Court, if the Court of Appeals has "*appropriate jurisdiction* for further proceedings in accordance with [its] rules." (Emphasis added.) The Court of Appeals' jurisdiction is limited, in pertinent part, to the appeal of "any *final conviction* in a circuit court of a traffic infraction or a crime." Code § 17.1-406(A)(i) (emphasis added); *see also West v. Commonwealth*, 249 Va. 241, 243 (1995) ("[C]riminal appeals lie only to final judgments."). There has not been a final

3

conviction entered in this case. Because there has been no final conviction, we decline to transfer the case to the Court of Appeals and will dismiss the appeal.

Accordingly, for the above reasons, we dismiss the appeal, without prejudice, and remand this case to the circuit court for further proceedings.

This order shall be published in the Virginia Reports and certified to the Circuit Court of the City of Williamsburg and James City County.

A Copy,

Teste:

Patricia L. Harrington, Clerk