COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Ortiz and Causey

MARTY D. FOUST

v.      Record No. 1144-21-3

LAWRENCE BROTHERS, INC. AND
  AMERICAN INTERSTATE INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 13, 2022

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Marty D. Foust, on brief), *pro se*.

(Ramesh Murthy; PennStuart, on brief), for appellees.

Marty D. Foust challenges a September 30, 2021 opinion of the Virginia Workers'

Compensation Commission denying his request for a cost of living adjustment (COLA) to his

temporary total disability benefits. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, the Commission's judgment is affirmed.

BACKGROUND

"On appeal from a decision of the Workers' Compensation Commission, the evidence

and all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below." *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015)

(quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83 (2005) (*en banc*)).

On April 18, 2011, Foust suffered a compensable injury by accident when he "sustained

second and third degree burns to [his] chest, left elbow, abdomen/flank area, and left upper

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

extremity." The parties stipulated that Foust was entitled to temporary total disability benefits and that his pre-injury average weekly wage was $605. Accordingly, on January 5, 2012, a deputy commissioner awarded Foust lifetime medical benefits and $403.33 per week in temporary total disability benefits based on the stipulated average weekly wage. Employer paid Foust the statutory maximum of 500 weeks of temporary total disability benefits from April 19, 2011, through November 16, 2020. *See* Code § 65.2-518 ("The total compensation payable under this title shall in no case be greater than 500 weeks . . . .").

On February 1, 2021, Foust filed a claim with the Commission seeking a COLA for the year 2020. In conjunction with Foust's request, the United States Social Security Administration filed a COLA request form reporting that Foust's net monthly social security benefit was $787 after his Medicare premium was deducted. In response, employer argued that Foust was not entitled to benefits or a COLA after November 16, 2020. Employer also asserted that any entitlement to a COLA for 2020 was offset by a total of $6,206.86 in overpayments made "both at the beginning and end of [his] claim."

On April 22, 2021, the deputy commissioner issued an opinion finding that Foust did not qualify for a COLA under Code § 65.2-709 because the "combined total of his workers' compensation benefits and Social Security benefits" exceeded 80% of his pre-injury average monthly income. Given that conclusion, the deputy commissioner declined to address employer's claimed offset.

In a written statement requesting review of the deputy commissioner's opinion, Foust asserted that the deputy commissioner's calculation was based on an incorrect average weekly wage that his prior attorney stipulated to without his permission. He asserted that the deputy commissioner "knew" the stipulated wage was "false" and had "plot[ted] against" him with the attorneys. Moreover, he asserted that he was entitled to a COLA under "the COLA chart of the

Virginia General Assembly," which is "law" and cannot be changed by the "Commissioner or a group of [a]ttorneys."

On review, the Commission affirmed the deputy commissioner's judgment. First, the Commission "summarily adopt[ed] and incorporate[d]" the deputy commissioner's "mathematical calculations" and judgment that Foust was not entitled to a COLA under Code § 65.2-709 because his "combined disability receipts exceed[ed] 80% of his pre-injury average monthly earnings." The Commission rejected Foust's attack on his stipulated average weekly wage as "improperly" before the Commission and "untimely." Finally, the Commission found that the deputy commissioner "fairly and reasonably" adjudicated the claim and cautioned Foust against "accusing a Deputy Commissioner" of "impropriety." Foust appeals.

ANALYSIS

In seven assignments of error, Foust attacks both the deputy commissioner's April 22, 2021 opinion and the Commission's September 30, 2021 opinion. As explained below, this Court lacks jurisdiction to review the deputy commissioner's opinion. Moreover, we do not consider Foust's remaining arguments because his opening brief fails to comply with Rule 5A:20(e).

A. Jurisdiction over cases from the Virginia Workers' Compensation Commission

In his first four assignments of error, Foust challenges various aspects of the deputy commissioner's April 22, 2021 opinion. He challenges the deputy commissioner's "computation[s]" by arguing they rested on the fraudulently stipulated average weekly wage. He also seems to argue that the deputy commissioner erred by referencing employer's asserted defenses and noting that the COLA had *not* been decided in a separate case.

It is well-established that "[u]nless a statute confers jurisdiction in this Court, we are without power to review an appeal." *Canova Elec. Contracting, Inc. v. LMI Ins. Co.*, 22 Va. App. 595, 599 (1996). This Court has jurisdiction over an appeal "from . . . [a]ny final decision of the Virginia

Workers' Compensation Commission." Code § 17.1-405(2). In contrast, "a party aggrieved of a deputy commissioner's decision may seek review of that decision *before the full Commission*." *King William County v. Jones*, 65 Va. App. 536, 545 (2015) (emphasis added). "After conducting its evidentiary review, '[t]he Commission shall make an award . . . together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue . . . .'" *Id.* (alteration in original) (quoting Code § 65.2-705). Consistent with the above framework, the full Commission reviews decisions of a deputy commissioner under Code § 65.2-705, not this Court. Thus, this Court lacks authority to review the deputy commissioner's opinion.

B. Foust's remaining arguments are waived under Rule 5A:20(e).

In his remaining assignments of error, Foust vaguely asserts that the Commission erred "[a]bout the [COLA] and [i]ndemnity benefits," "about the calculation of the [COLA] that [employer paid] each year and the Social Security [COLA]," and by "stat[ing]" that "there is no hint . . . of [j]udicial misconduct by the [d]eputy [c]ommissioner."

An opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). "Unsupported assertions of error 'do not merit appellate consideration.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Id.* at 746 (quoting *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" *Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012) (alterations in original) (quoting *Fitzgerald v. Bass*, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)). To the contrary, if an appellant believes "that the [Commission] erred, Rule 5A:20(e) require[s] him 'to present that error to us

with legal authority to support [his] contention.'" *Bartley*, 67 Va. App. at 746 (third alteration in original) (quoting *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008)).

"[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Id.* (quoting *Sneed*, 301 S.W.3d at 615). Consistent with those principles, we have held that a criminal defendant's failure to comply with Rule 5A:20(e) was significant when he made "one reference" to a single case and failed to support his argument "with any legal analysis or authority from [that case] or any other source." *Id.* at 745. Consequently, we declined to consider his arguments, finding that his opening brief left this Court "without a legal prism through which to view his alleged error. *Id.* at 746.

Foust's opening brief contains neither argument "relating to each assignment of error" nor legal authority supporting the assignments of error that properly challenge the Commission's opinion.[1] Instead, under the heading, "A[r]gument and Standard of Review," the brief contains a single argument section that sporadically addresses the various issues Foust challenges on appeal without citations to legal authority that supports his arguments. Although Foust seems to quote without citing parts of Code § 65.2-709 and references case law that appeared in the deputy commissioner and Commission's opinions, he does not provide any "legal analysis" or argument based on those authorities.[2] Rather, he claims those cases "don't exist" and the deputy commissioner and Commission cited "false case law" because they were biased against him. Indeed, much of Foust's brief is devoted to general arguments that do not address the substance

---

[1] Foust was afforded several opportunities to address this and other deficiencies in his brief.

[2] The opening brief also cites Code § 65.2-518, which limits temporary total disability benefits to 500 weeks, but makes no argument based on that statute that relates to the Commission's decision.

of the Commission's ruling and exceed the scope of his assignments of error, including that the Commission, employer, and his former attorney "secret[ly]" amended and removed documents that had been filed in his "webfile" and conspired to "cheat[]" him out of his COLA benefit.[3]

In sum, Foust's opening brief fails to contain an argument with legal authorities that relates to each assignment of error. Rule 5A:20(e). Instead, the argument section of his brief is replete with factual assertions and allegations, many of which are not found in the record,[4] and leaves this Court without a "legal prism through which to view his alleged error[s]." *Bartley*, 67 Va. App. at 746. Thus, Foust's failure to comply with Rule 5A:20(e) in this case is significant, and his arguments are waived. *Jay v. Commonwealth*, 275 Va. 510, 520 (2008).

## CONCLUSION

For the foregoing reasons, the Commission's judgment is affirmed.

*Affirmed.*

---

[3] To the extent Foust argues that the Commissioners should have recused themselves or violated the "ABA Model Code of Judicial Conduct," we do not consider those arguments because they were not preserved for appeal. Rule 5A:18.

[4] Although Foust's opening brief contains sections entitled "Statement of the Case" and "Statement of Facts," there is no "clear and concise statement of the facts that relate to the assignments of error." Rule 5A:20(d). Rather, background information is scattered throughout his brief, often without "references to the pages of the transcript, written statement, record, or appendix." *Id.*