COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Alexandria, Virginia


YOUNG UK EVERETT

                                                MEMORANDUM OPINION* BY
v.      Record No. 3036-01-4                    JUDGE JEAN HARRISON CLEMENTS
                                                NOVEMBER 12, 2003
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                           Ann Hunter Simpson, Judge

           Benjamin H. Woodbridge, Jr. (Woodbridge, Ventura & Kelly, P.C.,
           on brief), for appellant.

           Virginia B. Theisen, Assistant Attorney General (Jerry W. Kilgore,
           Attorney General, on brief), for appellee.


        Young Uk Everett appeals from the trial court's order of October 11, 2001, granting the

Commonwealth's motion to *nolle prosequi* the misdemeanor charge of reckless driving to which

she had pled guilty at arraignment.  On appeal, Everett contends the trial court erred in not

accepting her guilty plea to the reckless driving charge.  Lacking jurisdiction to entertain this

appeal because no final order of conviction has been entered in this case, we dismiss this appeal.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

At arraignment on July 19, 2001, Everett stood charged with, *inter alia*, driving under the influence, third or subsequent offense within ten years, a felony, and reckless driving, a misdemeanor. Both charges arose from the same driving incident, alleged to have occurred on February 18, 2001. When asked to enter pleas to the charges, Everett pled "not guilty" to the driving under the influence charge and "guilty" to the reckless driving charge. The Commonwealth immediately asked the trial court not to accept Everett's guilty plea to the reckless driving charge and to set both charges for trial. Everett argued she had a right to plead guilty to the reckless driving charge and stipulated that she was guilty of conduct that constituted reckless driving. She further argued the Commonwealth should not have charged her with both offenses, knowing that a conviction on one offense precluded conviction on the other. Taking the matter under advisement, the trial court continued the case until August 6, 2001.

At the hearing on August 6, 2001, the Commonwealth moved to *nolle prosequi* the reckless driving charge. The Commonwealth argued Everett should not be permitted to plead guilty to reckless driving in order to bar prosecution on the more serious charge of driving under the influence, third or subsequent offense within ten years. The trial court declined to accept Everett's guilty plea or grant the Commonwealth's motion to *nolle prosequi* at that point and took both matters under advisement.

On October 4, 2001, the trial court issued a letter opinion granting the Commonwealth's motion to *nolle prosequi* the reckless driving charge. Having granted the Commonwealth's motion, the court found it unnecessary to rule on the underlying issue of whether it was required to accept Everett's guilty plea to the reckless driving charge tendered at the arraignment. The court's ruling was memorialized in an order entered October 11, 2001.

This appeal followed.

## II. ANALYSIS

Appealing from the trial court's October 11, 2001 order, Everett contends the trial court erred in failing to accept her guilty plea to the reckless driving charge. However, because we lack jurisdiction to consider Everett's challenge, we must dismiss this appeal.

"The Court of Appeals of Virginia is a court of limited jurisdiction. Unless a statute confers jurisdiction in this Court, we are without power to review an appeal." Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 600, 471 S.E.2d 827, 830 (1996) (citation omitted). Code § 17.1-406(A)(i) grants us appellate jurisdiction over "any *final conviction* in a circuit court of a traffic infraction or a crime, except where a sentence of death has been imposed." (Emphasis added.)

In this case, Everett has not been convicted of any offense. No final order of conviction has been entered. Indeed, the trial court's ruling in the interlocutory order from which Everett appeals is "but an antecedent incident to the trial of the indictment[s] against [her], and is in no sense the pronouncement of a final judgment." Sturgill v. Commonwealth, 175 Va. 584, 588, 7 S.E.2d 141, 142 (1940). Consequently, this appeal is premature and we lack jurisdiction to entertain it. See Harris v. Commonwealth, 258 Va. 576, 582 n.4, 520 S.E.2d 825, 828 n.4 (1999) (holding that, "[a]t the time the motion for *nolle prosequi* was granted, [the appellant] was not an 'aggrieved party . . . [petitioning] from [a] final *conviction* in a circuit court of a traffic infraction or a crime'" and, thus, "had no right to petition the Court of Appeals for a review of the trial court's action at that time" (quoting Code § 17.1-406 (emphasis added))).

Accordingly, we dismiss the appeal without prejudice.

Dismissed.