COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


DAWN L. HOYLE
                                              OPINION BY
v.  Record No. 1799-96-4          JUDGE JAMES W. BENTON, JR.
                                           APRIL 15, 1997
VIRGINIA EMPLOYMENT COMMISSION,
 MARVIN RUNYON, POSTMASTER GENERAL,
 UNITED STATES POSTAL SERVICE AND
 UNITED STATES OF AMERICA


             FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                   Barnard F. Jennings, Judge Designate

             Karl F. Weickhardt for appellant.

             Paul S. Stahl, Assistant Attorney General
             (James S. Gilmore, III, Attorney General;
             Lisa J. Rowley, Assistant Attorney General;
             William B. Neel, Special Assistant United
             States Attorney, on brief), for appellees.


     The Virginia Employment Commission ruled that Dawn L. Hoyle

was qualified for unemployment benefits following her discharge

from employment by the United States Postal Service.  Upon a

petition for judicial review of that decision, the circuit judge

remanded the case to the commission for the taking of additional

evidence and reconsideration of its decision.  Hoyle contends on

this appeal (1) that the circuit judge lacked jurisdiction to

remand the case to the commission, and (2) that the evidence in

the record supports the commission's finding that she was not

discharged for misconduct connected with her work.  For the

reasons that follow, we dismiss the appeal.

Hoyle was a letter carrier for the Postal Service in the Northern Virginia area between 1986 and 1994. She filed for unemployment compensation following her termination from her position. After a deputy of the commission awarded Hoyle unemployment benefits, the Postal Service appealed.

At an evidentiary hearing before an appeals examiner, the evidence indicated that in 1987 Hoyle incurred an injury while working with the Postal Service and filed a claim for workers' compensation. The Federal Office of Workers' Compensation Programs (OWCP) accepted Hoyle's claim. Hoyle was required to notify OWCP in the event she returned to her former job or obtained other employment. She was also required to report any wages earned while she received workers' compensation benefits, including "wages in kind."

Hoyle returned to her employment with the Postal Service in November, 1993. Although Hoyle informed OWCP of her return to work, she did not report that she had received income during the time she received workers' compensation benefits. After receiving information from an informant that Hoyle worked when she was receiving workers' compensation benefits, the Postal Service began an investigation.

Postal inspectors discovered that indeed Hoyle had earned money cleaning houses and caring for pets. The postal inspectors also learned that Hoyle had filed an application for a mortgage

loan. Copies of her tax returns for 1988 and 1989, which were attached to the loan application, indicated that Hoyle was self-employed as a dog groomer and earned approximately $2,000 per month. A Postal Service representative testified that Hoyle was the subject of a criminal complaint for filing false loan documents and that he was unable to answer certain questions because doing so would jeopardize the criminal investigation.

The notice of Hoyle's termination from the Postal Service stated that she had been terminated for "improper conduct/misrepresentation of facts and intentionally failing to report employment and earnings in a compensation claim as required." Hoyle testified, however, that she had not been employed as a dog groomer. She also testified that her true tax returns reflected income only from the rental of rooms in her home in 1988 and 1989.

After the evidentiary hearing, the appeals examiner found that Hoyle was disqualified for benefits because she was discharged for misconduct connected with work. The appeals examiner reversed the deputy's decision. Hoyle appealed to the commission from the appeals examiner's decision.

The commission ruled that Hoyle was qualified for unemployment compensation. In its decision, the commission found that Hoyle had only earned $1,000 for cleaning houses and that although she "received a small amount of remuneration" for keeping pets, she "actually netted nothing." The commission also

found that Hoyle's true tax returns for 1988 and 1989 showed she had not received $2,000 a month for grooming dogs. The commission further found that no criminal investigation was ongoing.

The Postal Service filed a petition for review in the circuit court. In its petition, the Postal Service alleged, in part, that the commission's decision was contrary to the law and the facts and that Hoyle had pleaded guilty in the criminal prosecution that resulted from the postal inspector's investigation. In an affidavit attached to the petition, a postal inspector averred that a criminal investigation had occurred, that Hoyle pleaded guilty to filing false statements in violation of federal law, and that Hoyle had signed a plea agreement acknowledging that she made false statements. Based upon the pleadings, the record of the commission, and the argument of counsel, the trial judge remanded the proceeding to the commission and directed the commission to conduct a complete hearing, receive additional evidence, and render a further decision. Hoyle appealed from that order.

## II.

This Court has appellate jurisdiction over "[a]ny final decision of a circuit court on appeal from a decision of an administrative agency." Code § 17-116.05(1). A final decision is one "'which disposes of the whole subject, gives all the relief that is contemplated and leaves nothing to be done by the

court.'"  Southwest Va. Hosps. v. Lipps, 193 Va. 191, 193, 68
S.E.2d 82, 83 (1951) (citation omitted).

When the trial judge remanded the case to the commission,
the trial judge "did not resolve any factual or legal issues
concerning the merits of the case[]."  Canova Elec. Contracting
Inc. v. LMI Ins. Co., 22 Va. App. 595, 600, 471 S.E.2d 827, 830
(1996).  The remand order was an interlocutory ruling that
required further action.  "The mere possibility that [the remand
order] . . . may affect the final decision in the trial does not
necessitate an immediate appeal."  Pinkard v. Pinkard, 12 Va.
App. 848, 853, 407 S.E.2d 339, 342 (1991), see also Webb v. Webb,
13 Va. App. 681, 414 S.E.2d 612 (1992).

Furthermore, even if the trial judge's remand was an
appealable order, we find no merit to Hoyle's argument that the
trial judge lacked jurisdiction to remand the case to the
commission for further proceedings.

> Code § [60.2-625] does not expressly
> empower a reviewing court to remand a cause
> to the Commission.  But, absent a specific
> mandate to the contrary, a statutory grant of
> appellate jurisdiction necessarily implies
> such a power.  "It is familiar appellate
> practice to remand causes for further
> proceedings without deciding the merits,
> where justice demands that course in order
> that some defect in the record may be
> supplied.  Such a remand may be made to
> permit further evidence to be taken or
> additional findings to be made upon essential
> points."

Jones v. Willard, 224 Va. 602, 606-07, 299 S.E.2d 504, 507-08
(1983) (citation omitted).

Accordingly, we dismiss the appeal without prejudice.

_Dismissed_.