COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


CITY OF RICHMOND-FIRE & EMERGENCY AND
 CITY OF RICHMOND/TRIGON ADMINISTRATORS
                                        OPINION BY
v.    Record No. 0217-00-2         JUDGE RICHARD S. BRAY
                                         JULY 11, 2000
THOMAS BRANDON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Steven M. Traubert (Charles F. Midkiff;
            Midkiff & Hiner, P.C., on brief), for
            appellants.

            No brief or argument for appellee.


     Thomas Brandon, claimant, initiated a claim for benefits,

pursuant to Code § 65.2-402, against the City of Richmond.  In

defending the claim, the city and its insurer, City of

Richmond/Trigon Administrators (appellants), requested the

Workers' Compensation Commission (commission) to issue a

subpoena duces tecum to Dr. Richard Schwartz, an expert witness

designated by claimant, which directed the production of certain

"opinion reports . . . rendered [by Dr. Schwartz] since January

1, 1998 in cases before" the commission, together with specified

"documentary material."  The deputy commissioner declined to

issue the subpoena, a decision subsequently affirmed by the

commission, and appellants appeal to this Court.

Initially, we note that the Workers' Compensation Act delegates to the commission "the duty . . . to administer this [Act] and adjudicate issues and controversies relating thereto." Code § 65.2-201. The commission has, therefore, ruled that it "has the discretionary authority to allow interlocutory review of evidentiary or procedural matters [and that] . . . [r]equests for such interlocutory reviews are usually denied, except for good cause." Hanlovitch v. Chesapeake General Hospital, 75 VWC 293, 295 (1996). However, Hanlovitch is applicable only to proceedings before the commission.

The Court of Appeals is invested with appellate jurisdiction over "[a]ny final decision" of the commission or related interlocutory order "(i) granting, dissolving or denying an injunction or (ii) adjudicating the principles of a cause." Code § 17.1-405. A final decision "'disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the [commission].'" Southwest Virginia Hosps., Inc. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951) (quoting Ryan v. McLeod, 73 Va. (32 Gratt.) 367, 376 (1879)).

The order in dispute neither adjudicates the underlying cause nor relates to an attendant injunction, but simply resolves an issue arising from discovery incidental to the claim, clearly an interlocutory determination over which this

Court has no jurisdiction.  See generally Polumbo v. Polumbo, 13 Va. App. 306, 411 S.E.2d 229 (1991); Weizenbaum v. Weizenbaum, 12 Va. App. 899, 407 S.E.2d 229 (1991); Pinkard v. Pinkard, 12 Va. App. 848, 407 S.E.2d 339 (1991).

Accordingly, we dismiss the appeal, without prejudice to either claimant or appellants.

Dismissed.