COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Agee and Senior Judge Coleman
Argued at Salem, Virginia


BLUE FOX, INC.

MEMORANDUM OPINION[*] BY
v.    Record No. 2400-00-3          JUDGE SAM W. COLEMAN III
                                    MAY 22, 2001
TIMOTHY F. ROGERS


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

(Nancy A. Frank; Edmunds, Willetts & Frank,
P.C., on brief), for appellant.  Appellant
submitting on brief.

Frankie C. Coyner for appellee.


This appeal involves a discovery dispute that arose in a divorce proceeding between Timothy F. Rogers and his wife, Barbara Rogers.  In the divorce action, Timothy Rogers obtained a subpoena duces tecum from the circuit court for various corporate documents from appellant Blue Fox, Inc., a witness in the divorce.  Barbara Rogers is an employee of Blue Fox, a company primarily owned and operated by her father.  Blue Fox sought to quash the subpoena duces tecum and now appeals the order of the circuit court denying its motion.

Code § 17.1-405, provides "[a]ny aggrieved party may appeal" to this Court from "any final judgment, order, or decree of a

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

circuit court" involving divorce or other domestic relations matters. That statute further defines this Court's jurisdiction to include "[a]ny interlocutory decree or order . . . (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause." Id.

We dismiss this appeal on two grounds. First, because Blue Fox is a third party witness to the divorce proceeding and is not an "aggrieved party" under Code § 17.1-405, and, second, because the order denying Blue Fox's motion to quash the subpoena is interlocutory in nature and is not a final judgment, order, or decree.

In this case, Blue Fox was not a party to the underlying divorce proceedings. "A person cannot appeal a case to which he is not a party." Tidewater Psychiatric Institute v. Buttery, 8 Va. App. 380, 383, 382 S.E.2d 288, 290 (1989). Unless and until Blue Fox refuses to comply with the discovery order and is found in civil contempt by the court, it will not be a "party" to a case or controversy with standing to appeal. See HCA Health Services v. Levin, 260 Va. 215, 219, 530 S.E.2d 417, 419 (2000).

Furthermore, the circuit court order from which Blue Fox appeals is not a final order. "A final decision is one 'which disposes of the whole subject, gives all the relief that is contemplated and leaves nothing to be done by the court.'" Hoyle v. Virginia Employment Commission, 24 Va. App. 533, 537, 484 S.E.2d 132, 133 (1997) (quoting Southwest Va. Hosps. v.

-

Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83 (1951) (citation omitted)).

"Ordinarily, a trial court's discovery orders are not subject to review on direct appeal because they are not final within the contemplation of Code § [17.1-405]." America Online v. Anonymous Publicly Traded Co., 261 Va. 350, 358, 542 S.E.2d 377, 381 (2001) (holding, however, that an order granting or refusing a protective order in a proceeding brought in this Commonwealth under the Uniform Foreign Deposition Act is a final order subject to appellate review). The "order in dispute neither adjudicates the underlying cause nor relates to an attendant injunction, but simply resolves an issue arising from discovery incidental to the claim, clearly an interlocutory determination over which this Court has no jurisdiction." City of Richmond-Fire & Emergency v. Brandon, 32 Va. App. 787, 789, 531 S.E.2d 22, 23 (2000).

Accordingly, we dismiss the appeal.

Dismissed.

-