COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Clements and Kelsey
Argued at Richmond, Virginia


JAMES FRANCIS GREEN, JR.
                                                        OPINION BY
v.        Record Nos. 2091-03-2 and          JUDGE ROBERT J. HUMPHREYS
                2335-03-2                              MARCH 2, 2004

KEIL PLUMBING AND HEATING, INC. AND
 WCAMC CONTRACTORS' GROUP
 SELF-INSURANCE ASSOCIATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          T. Bryan Byrne for appellant.

          Cathie W. Howard (Richard A. Hobson, on briefs), for appellees.


     In two separate appeals, James F. Green, Jr. appeals orders of the Workers'

Compensation Commission compelling him to respond to certain discovery requests submitted

by Keil Plumbing and Heating and WCAMC Contractors' Group Self-Insurance Association

(collectively "employer").  Specifically, Green contends the commission erred in finding that he

failed to timely file his response to employer's motion to compel, by ordering him to respond to

four interrogatory questions and to complete an IRS Form 4506,[1] and by refusing to "withdraw"

---

[1] In his brief on appeal, Green states that he "has provided [employer] with an IRS Form 4506 that has been signed" by him and that this "issue has been resolved between the parties." Employer does not dispute these statements.  Accordingly, we do not address this particular issue further in this opinion.

its order directing him to do so.[2]  Because we find that we lack jurisdiction to consider Green's claims, we dismiss Green's appeals.

## I.  Background

Green sustained an injury while working for employer on June 6, 1996.  Employer accepted the injury as compensable, and the commission thereafter awarded Green benefits in the form of weekly temporary total disability compensation, beginning June 19, 1997 and continuing, as well as lifetime medical benefits.  As of the date of this appeal, both awards remained open.

In February of 2003, employer propounded interrogatories and requests for production to Green requesting information concerning his employment status, his banking records, and his income tax records.  Green responded to these requests with a "general objection" contending that, pursuant to commission Rule 1:8, employer "lack[ed] standing" to request the information because "no application or claim [was] currently before the [c]ommission."  Green otherwise provided some of the information requested but refused to respond further to the requests "unless ordered to do so by the [c]ommission."

On March 12, 2003, employer filed a motion to compel Green to respond to the interrogatories and request for production of documents, contending that pursuant to commission precedent interpreting Rule 1:8, employer had a "right to discover medical evidence relevant to [Green's] physical and mental condition, as well as a right to discover wage information," "where there is an open award *for at least medical benefits*."  (Emphasis in original).  Employer attached with its motion a copy of Green's responses to its discovery.

---

[2] Although Green's appeals have been assigned separate case numbers, they arise out of the same proceedings and involve similar assignments of error.  Accordingly, we consolidate them for purposes of appeal.

On March 18, 2003, Green filed a "Response to [Employer's Motion to Compel]," contending that employer's discovery requests were "not permissible under Rule 1:8 . . . and [that employer had] made no showing that [Green was] working." In the response, Green requested that the commission enter an award of sanctions against employer because employer brought "these proceedings with no reasonable grounds." Green also filed an additional copy of his earlier responses to employer's discovery requests.

The following day, and apparently without having yet reviewed Green's response to employer's motion to compel, the deputy commissioner sent Green a letter, ordering Green to respond to employer's motion within ten days. The deputy commissioner advised Green that the issue of a claimant's ongoing disability is "always a relevant issue before the Commission," but requested that he respond "within the time period noted" if the matter was "atypical." Green did not file an additional response.

On April 16, 2003, employer sent a letter to the commission contending that Green had failed to "respond to the . . . motion to compel." Accordingly, employer requested that the commission order Green to "respond to this discovery as specifically outlined within that motion to compel." Green responded to the employer's letter by notifying the commission that he had, in fact, responded to the motion to compel on March 18, 2003. Nevertheless, the deputy commissioner entered an order on May 1, 2003, explicitly finding that Green had failed to respond to the motion to compel, and "therefore" directing Green to "completely respond" to the discovery as requested by employer.

Green subsequently filed a request for review by the full commission, contending that the deputy commissioner had erred in finding he had not responded to the motion to compel, and in ordering him to respond to the discovery requests. In response to employer's motion to compel, the full commission ultimately ordered Green to comply with the discovery requests.

Specifically, the commission found that because Green was subject to an open award there were "issues pending" before the commission pursuant to Rule 1:8, making the discovery permissible. Thereafter, Green filed a motion to reconsider with the full commission. Green also filed a notice of appeal to this Court.

In response to Green's motion to reconsider, the full commission again ordered Green to comply with the discovery as requested by employer. Green then filed an additional notice of appeal with this Court.

## II. Analysis

In this consolidated appeal, Green raises six Questions Presented. During oral argument, we considered the merits of these issues; however, on our own motion, we also ordered the parties to file additional briefs analyzing whether Green's appeals to this Court were properly taken, pursuant to Code § 17.1-405. Finding that they were not, we now dismiss Green's appeals.

We begin by recognizing that Green's appellate issues are related to a discovery dispute before the commission, and related discovery orders.

> The Court of Appeals is invested with appellate jurisdiction over "[a]ny final decision" of the commission or related interlocutory order "(i) granting, dissolving or denying an injunction or (ii) adjudicating the principles of a cause." Code § 17.1-405. A final decision "'disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the [commission].'" Southwest Virginia Hosps., Inc. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951) (quoting Ryan v. McLeod, 73 Va. (32 Gratt.) 367, 376 (1879)).

City of Richmond-Fire & Emergency v. Brandon, 32 Va. App. 787, 789, 531 S.E.2d 22, 22 (2000). We find that the commission's discovery orders in this case do not constitute "final decisions," properly appealable to this Court pursuant to Code § 17.1-405. We reach this finding on two bases.

First, discovery proceedings before the commission are authorized and governed by Code § 65.2-703, which states:

> A. Any party to a proceeding under this title may serve interrogatories or cause the depositions of witnesses residing within or without the Commonwealth to be taken, the costs to be taxed as other costs by the Commission. All interrogatories, depositions, or any other discovery shall conform to rules governing discovery promulgated by the Commission.
>
> B. The Commission shall adopt rules governing discovery conforming as nearly as practicable to Part Four of the Rules of the Virginia Supreme Court. Such rules shall be adopted in accordance with and pursuant to the Administrative Process Act (§ 9-6.14:1 et seq.).

As is clear by the plain language of the statute, Code § 65.2-703 does not provide an avenue of appeal from a commission decision to grant or deny discovery, which is separate and apart from a legal proceeding before that administrative body. Indeed, with the exception of provisions concerning appeals from fines and penalties levied by the commission for failure to maintain evidence of compliance with the requirements of Title 65.2, the only provision concerning appeals from commission action is found in Code § 65.2-706. See Jewell Ridge Coal v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985); see Code §§ 65.2-805, -807 and -902 (pertaining to fines and penalties). In relevant part, Code § 65.2-706 states that "[n]o appeal shall be taken from the decision of one commissioner until a review of the case has been had before the full Commission . . . and an *award* entered by it. Appeals shall lie *from such award* to the Court of Appeals in the manner provided in the Rules of the Supreme Court." (Emphases added). The Supreme Court of Virginia has defined the words "such award," as used in Code § 65.2-706 (formerly Code § 65.1-98), to "mean [a] final award, that is, a decision of the [commission] granting or denying, or changing or refusing to change, some benefit payable or allowable under the Workers' Compensation Act and leaving nothing to be done except to

superintend ministerially the execution of the award." Jewell Ridge, 229 Va. at 269, 329 S.E.2d at 50.

The "[c]ommission's action involved in the present cases obviously does not begin to satisfy the final award test." Id. No part of the commission's decisions affected, in any manner, any benefit payable or allowable to Green under the Act. In fact, the commission's decisions could not have affected the open award. Green's award had long since been final, leaving nothing for the commission to do but to superintend its administration. See Holly Farms v. Carter, 15 Va. App. 29, 34, 422 S.E.2d 165, 167 (1992). Furthermore, neither of the parties, nor the commission *sua sponte*, had filed an application for review of Green's award on the basis of a change in condition, pursuant to Code § 65.2-708. Nor does the record reflect that Green was held in contempt or sanctioned for failing to comply with the commission's orders.[3]

Second, as stated above, "[a] final decision is one 'which disposes of the whole subject, gives all the relief that is contemplated and leaves nothing to be done by the court.'" Hoyle v.

---

[3] See Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717 (1993) ("We [have held] that the commission has the same authority as a court to punish for noncompliance with its discovery orders."); see also Code § 65.2-202 (stating, in pertinent part, that "the [c]ommission or any member or deputy commissioner shall have authority to enforce the attendance of all parties in interest and of witnesses and the production and examination of books, papers and records and to punish for contempt or disobedience of its orders as is vested in courts and judges . . . ."); Vokes v. Vokes, 28 Va. App. 349, 355, 504 S.E.2d 865, 868 (1998) (noting that "a contempt order is . . . appealable if it adjudicates all issues of guilt and imposes a sentence" (citation omitted)). See also the United States Supreme Court decision in Church of Scientology v. United States, 506 U.S. 9, 18 n.11 (1992), noting that:

> [t]here is a distinction in the law between the enforcement of discovery orders directed at parties and the enforcement of discovery orders directed at disinterested third parties, but that distinction derives from concerns regarding finality, not mootness. *As a general rule, a district court's order enforcing a discovery request is not a "final order" subject to appellate review. A party that seeks to present an objection to a discovery order immediately to a court of appeals must refuse compliance, be held in contempt, and then appeal the contempt order.*

(Emphasis added).

Virginia Employment Commission, 24 Va. App. 533, 537, 484 S.E.2d 132, 133 (1997) (quoting Lipps, 193 Va. at 193, 68 S.E.2d at 83 (citation omitted)).  Consistent with this principle, "[o]rdinarily, . . . discovery orders are not subject to review on direct appeal because they are not final within the contemplation of Code § [17.1-405]."  America Online v. Anonymous Publicly Traded Co., 261 Va. 350, 358, 542 S.E.2d 377, 381 (2001).  This is true because, in most cases, the "order in dispute neither adjudicates the underlying cause nor relates to an attendant injunction, but simply resolves an issue arising from discovery incidental to the claim, clearly an interlocutory determination over which this Court has no jurisdiction."  Brandon, 32 Va. App. at 789, 531 S.E.2d at 23.  Although the commission here may have disposed of the issue concerning the discovery, the commission's decision did not dispose of the "whole subject" at issue - which involved, by the parties' and the commission's own concessions, Green's underlying open award for benefits.

As stated above, the record reflects that Green's rights regarding compensation have thus far not been affected.  Therefore, it is clear that the commission's "decisions" were not final, appealable decisions as contemplated by Code §§ 17.1-405 and 65.2-706.  Instead, the decisions were merely interlocutory orders that "neither adjudicate[d] the underlying cause nor relate[d] to an attendant injunction."  Brandon, 32 Va. App. at 789, 531 S.E.2d at 23.  Accordingly, we find that we have no jurisdiction to consider these issues under the circumstances of this case, and we thus dismiss Green's appeals.

Dismissed.