KELSEY, J.,
concurring.
In my opinion, the commission’s flexible interpretation of Rule 1.4(C) in this case cannot be persuasively reconciled with its earlier, inflexible interpretation announced in Rule v. Southside Reg. Med. Ctr., 74 O.W.C. 40, 42,1995 WL 1063835, at *1 (1995) (holding that the “employer must pay compensation either before or with the filing” and that payment “after filing is not permitted”), and Mullins v. T & J Trucking, 73 O.W.C. 56, 57, 1994 WL 1039789, at *1 (1994) (holding that “compensation must be paid to the employee through the filing date at the time of filing”).
That is not to say that the commission cannot “change its mind” about its previous interpretations—it can, of course, “so long as its new interpretation is reasonable.” United States v. Deaton, 332 F.3d 698, 711 (4th Cir.2003) (citing Smiley v. Citibank (S.D.), N.A, 517 U.S. 735, 742, 116 S.Ct. 1730, 1734, 135 L.Ed.2d 25 (1996)). Even so, the new interpretation cannot be a “sudden and unexplained change” or one that fails to take into account “legitimate reliance on prior interpretation.” Smiley, 517 U.S. at 742,116 S.Ct. at 1734 (citing Motor Vehicle Mfrs. Ass’n of United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 46-57, 103 S.Ct. 2856, 2868-74, 77 L.Ed.2d 443 (1983)). Cf. Piney Mt. Coal Co. v. Mays, 176 F.3d 753, 766-67 (4th Cir.1999) (giving deference, despite an *92 agency’s reversal of its prior interpretation, because the agency “took commendable care to explain this change cogently” and why it chose not to stay “on the wrong path merely because it is well worn”).
In this case, the commission did not distinguish or, for that matter, even mention Mullins or Rule. Nor did the commission apply the ratio decidendi of either. It is one thing for the commission to change its mind, but quite another to be double-minded. The former may or may not be arbitrary, depending on the circumstances. The latter, however, almost certainly is. That said, I do not agree with my dissenting colleague’s suggestion that we remand the case back to the commissioners to tell us which of their two competing interpretations of Rule 1.4(C) should apply to this case.[4] They have already told us that—in an unanimous opinion. The proper judicial response to a situation like this is to jettison altogether any interpretative deference and do what appellate courts ordinarily do: decide questions of law de novo.
If we did that here, without any preset in favor of either line of precedent, I would hold that Mullins and Rule applied Rule 1.4(C) in an artificial and formalistic manner. The duty to pay “through” the date of the application does not, linguistically or logically, require that it be paid simultaneously with the application. By reading this interlinear requirement into the text of Rule 1.4(C), the commission promulgated a de facto rule amendment outside the constraints of the rulemaking process. It only compounds the error for the commission to say, albeit with our encouragement, that violations of this interpretative gloss renders the employer’s application “void ab initio.” Mullins, 73 O.W.C. at 57, 1994 WL 1039789, at *1 *93 (citing Specialty Auto Body v. Cook, 14 Va.App. 327, 332, 416 S.E.2d 233, 236 (1992)).
In sum, the employer in this case paid “through” the date of the application. By mailing the check the next day, the employer violated neither the literal requirements of Rule 1.4(C) nor its underlying policy rationale. I thus concur with the decision to affirm the commission’s decision in this case.

. The implied power of appellate remand extends to situations where it is necessary to correct some “defect in the record” or to permit "further evidence to be taken or additional findings to be made upon essential points.” Hoyle v. Va. Employment Comm'n, 24 Va.App. 533, 537-38, 484 S.E.2d 132, 134 (1997) (quoting Jones v. Willard, 224 Va. 602, 606-07, 299 S.E.2d 504, 507-08 (1983)). Neither situation exists here.