COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judge Kelsey and Retired Judge Stephens[*]
Argued at Richmond, Virginia


ALLIANCE TO SAVE THE MATTAPONI,
 CHESAPEAKE BAY FOUNDATION, INC.,
 MATTAPONI AND PAMUNKEY RIVERS ASSOCIATION,
 SIERRA CLUB, PAULETTE P. BERBERICH,
 WARREN MOUNTCASTLE, ROSE MARY ZELLNER
 AND RAY WATSON
                                                          OPINION BY
v.          Record No. 2700-03-1          JUDGE D. ARTHUR KELSEY
                                                      AUGUST 31, 2004
VIRGINIA MARINE RESOURCES COMMISSION
 AND THE CITY OF NEWPORT NEWS


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Marc Jacobson, Judge

Deborah M. Murray (Southern Environmental Law Center, on
briefs), for appellants.

John K. Byrum Jr., Assistant Attorney General (Jerry W. Kilgore,
Attorney General; Roger L. Chaffe, Senior Assistant Attorney
General; Carl Josephson, Assistant Attorney General, on brief), for
appellee Virginia Marine Resources Commission.

George A. Somerville (James E. Ryan, Jr.; M. Scott Hart; Stuart E.
Katz, City Attorney; Allen L. Jackson, Chief Deputy City Attorney;
Troutman Sanders LLP, on brief), for appellee City of Newport
News.

The City of Newport News filed a circuit court appeal under the Virginia Administrative

Process Act (VAPA), Code § 2.2-4000 *et seq.* challenging a decision of the Virginia Marine

Resources Commission (VMRC).  Alliance To Save The Mattaponi, *et al.* sought to intervene in

the VAPA circuit court case.  On September 25, 2003, the circuit court denied the motion to

_____

        [*] Retired Judge J. Warren Stephens took part in the consideration of this case by
designation pursuant to Code § 17.1-400.

intervene. Alliance filed a notice of appeal on October 20, 2003, which we recorded as Record No. 2700-03-1.

On December 19, 2003, we directed the parties to file briefs addressing the question whether Code § 17.1-405(4) authorizes this Court to exercise appellate jurisdiction over the circuit court's order denying intervention. Having reviewed the briefs and heard oral argument, we hold that the circuit court's order was not final and falls outside our interlocutory appellate jurisdiction under Code § 17.1-405(4). See generally Thrasher v. Lustig, 204 Va. 399, 403, 131 S.E.2d 286, 289 (1963) (noting that "as a general rule interlocutory decrees or orders overruling motions as to joinder of parties, or a substitution of parties, are not appealable"); cf. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370 (1987) (holding that denial of permissive intervention cannot be subject to interlocutory appeal); Bagwell v. United Mine Workers, 244 Va. 463, 474, 423 S.E.2d 349, 356 (1992), rev'd on other grounds, 512 U.S. 821 (1994) (holding that an "order denying intervention was not a final, appealable order because it did not dispose of the whole subject matter of the case," and thus, the denial order motion can be challenged in an appeal of the final order).[1]

---

[1] We disagree that Jones v. Rhea, 130 Va. 345, 369, 107 S.E. 814, 822 (1921), concludes otherwise. In that case, the Virginia Supreme Court held that it had appellate jurisdiction over an interlocutory order denying intervention under a statute authorizing appeal of "any" order of the State Corporation Commission. Id. The statute did "not use the word 'final.'" Id. Though we acknowledge the remark in Jones along the lines that the denial order was "final" as to the intervenors, we reject it as non-binding *dicta*. See generally Newman v. Newman, 42 Va. App. 557, 566, 593 S.E.2d 533, 538 (2004) (*en banc*) ("*Dicta* cannot 'serve as a source of binding authority in American jurisprudence.'" (citation omitted)). Cf. Richmond, Fredericksburg and Potomac R.R. Co. v. Johnson, 99 Va. 282, 284, 38 S.E. 195, 195 (1901) (referring to Jeter v. Board, 68 (27 Gratt.) Va. 910, 1876 Va. LEXIS 82 (1876), the only citation relied upon in Jones for its *dicta*, the Supreme Court stated: "In that case, however, the court was dealing with a final order, and a glance at the opinion is sufficient to show that the language used by the learned judge was *obiter*, and it has been so held by this court in Tucker v. Sandridge, 82 Va. 532.").

In their briefs, the parties advise that the underlying VAPA circuit court action has been settled by Newport News and the VMRC. Based upon that settlement, the circuit court entered a "Final Decree" remanding the matter back to the VMRC for further proceedings and dismissing "with prejudice" the VAPA proceeding commenced by Newport News. Alliance contends the entry of the Final Decree "may render moot this Court's question regarding its jurisdiction over the Alliance's appeal." This observation — however valid with respect to an appeal filed after the entry of a final judgment[2] — is not valid with respect to a previously filed appeal of an interlocutory order.

Under settled appellate practice, a notice of appeal of an interlocutory order must rise or fall based upon the Court's authority under Code § 17.1-405(4). Rule 5A:6(a) provides that no appeal "shall be allowed" unless a notice of appeal has been filed within 30 days "after" the appealable order. We have recognized an exception to this rule in cases where the appellant files the notice of appeal after the pronouncement of judgment, but before the formal entry of the judgment order. See Saunders v. Commonwealth, 12 Va. App. 154, 155, 402 S.E.2d 708, 709 (1991). But we have never suspended the timing requirement altogether to resurrect an otherwise unsuccessful interlocutory appeal. See generally FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 (1991).

For these reasons, we dismiss without prejudice Record No. 2700-03-1 as outside our interlocutory appellate jurisdiction under Code § 17.1-405(4).

Dismissed without prejudice.

---

[2] See Smith v. Woodlawn Constr. Co., 235 Va. 424, 429, 368 S.E.2d 699, 702 (1988) (recognizing the general rule that an "adverse interlocutory adjudication may be the subject of appeal from the final adjudication").