COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and McClanahan
Argued at Richmond, Virginia


SUSANNA B. HICKMAN

MEMORANDUM OPINION[*] BY
v.        Record No. 0723-06-2                    JUDGE LARRY G. ELDER
MAY 15, 2007

MARGARET CUTHBERT BROADDUS


FROM THE CIRCUIT COURT OF HANOVER COUNTY
John Richard Alderman, Judge

Matthew N. Ott (Matthew N. Ott, P.C., on briefs), for appellant.

Edward D. Barnes (Ann Brakke Campfield; Brandy M. Poss; The
Barnes Law Firm, P.C., on brief), for appellee.


Susanna B. Hickman appeals from an order ruling that, in a suit between her parents,

Margaret Cuthbert Broaddus and David Tilghman Broaddus, concerning the enforcement of a

property settlement agreement incorporated into the Broadduses' earlier divorce decree,

Hickman lacked standing to seek enforcement of the agreement.  We hold the interlocutory order

from which Ms. Hickman noted her appeal was not an appealable order, and we dismiss the

appeal without prejudice.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Ms. Broaddus has moved to dismiss the appeal, claiming Ms. Hickman failed on appeal
to serve various necessary parties.  Because we dismiss the appeal for want of jurisdiction, we do
not rule on Ms. Broaddus's motions to dismiss.

# I.

## BACKGROUND

In 1997, after more than thirty years of marriage, Mr. and Ms. Broaddus divorced. In the course of that divorce, they entered into a property settlement agreement (PSA), which was incorporated into the final decree. The PSA included a provision that the parties would divide certain real estate, which they intended to preserve for their adult children; that each would establish a limited liability company to take ownership of that party's share of the real estate; and that "[t]he partners of each LLC shall be limited to the direct descendants of [Mr. and Ms. Broaddus]."

In 2004, Ms. Broaddus moved the court to reinstate the divorce proceeding on the docket, asking the court to require Mr. Broaddus to show cause as to why he should not be held in contempt for failing to establish the real estate LLC in his name pursuant to the parties' PSA. Mr. Broaddus responded that the PSA was void for vagueness and argued in the alternative that Ms. Broaddus had unclean hands because she, too, had failed to perform under the PSA.

Ms. Hickman moved the court for leave to intervene as a party pursuant to Rule 2:15, alleging her belief that Ms. Broaddus's LLC violated the PSA because it had not named Ms. Hickman as a member. The court "allowed [Hickman] to intervene . . . for the purpose of interpretation of the [PSA]." The court later allowed the remaining three Broaddus children to intervene "limited to the same terms" that Hickman "came in on."

Thereafter, the court held additional hearings and received memoranda from the original parties and the intervenors. Ms. Hickman, in her memorandum, not only addressed the validity and interpretation of the PSA but also requested enforcement of her own claimed rights under the PSA as a third-party beneficiary. On May 3, 2005, the trial court issued a letter opinion ruling that the PSA was a valid contract, and it gave Mr. Broaddus ninety days to perform as required

by the PSA.  As to Ms. Hickman's argument, the court noted it allowed her to intervene "limited to the issue of the existence of a valid contract between Mr. and Ms. Broaddus and its terms" and that she could seek to enforce her claimed "rights, if any," only in a "separate proceeding."

By motion filed October 19, 2005, Ms. Hickman filed a petition in support of a rule to show cause, seeking the same relief under the PSA's LLC provisions that she had earlier requested and been denied.  Ms. Hickman's petition, like the original divorce action and Ms. Broaddus's petition seeking a rule requiring Mr. Broaddus to show cause, was styled as Mr. Broaddus against Ms. Broaddus and bore the same circuit court docket number as the underlying divorce action.  In a hearing on the motion, the court held again that Ms. Hickman lacked standing and entered an order to that effect on February 23, 2006.

After Ms. Hickman filed her petition for a rule to show cause on October 19, 2005, and before the trial court issued the order denying that petition on February 23, 2006, Ms. Broaddus filed additional motions relating to the underlying proceeding against Mr. Broaddus.  Ms. Broaddus also moved the court for an award of attorney's fees to be paid by Ms. Hickman.

On March 17, 2006, before the court had had an opportunity to rule on the filings of Ms. Broaddus directed against Mr. Broaddus or Ms. Broaddus's request for attorney's fees from Ms. Hickman, Ms. Hickman filed a notice of appeal of the February 23, 2006 order denying her petition for a rule to show cause.

II.

ANALYSIS

"'The Court of Appeals of Virginia is a court of limited jurisdiction.' Canova Elec. Contracting, Inc. v. LMI Ins. Co, 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996).  Unless a statute confers subject matter jurisdiction to that court over a class of appeals, [it] is without authority to review an appeal." Lewis v. Lewis, 271 Va. 520, 524-25, 628 S.E.2d 314, 316-17

(2006). Pursuant to Code § 17.1-405(4), the Court of Appeals has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order in such matters involving the granting, dissolving, or denying of an injunction or "adjudicating the principles of a cause." See Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994).

In Alliance to Save the Mattaponi v. Virginia Marine Resources Commission, 43 Va. App. 724, 726, 601 S.E.2d 684, 685 (2004), we held that a circuit court's order denying a request for permissive intervention is neither a final order nor an appealable interlocutory order. Thus, we concluded that we lacked authority to consider the appeal. Id., cited with approval in Lewis, 271 Va. at 528 n.5, 628 S.E.2d at 319 n.5 (recognizing adverse interlocutory adjudication may be subject of appeal from *final* adjudication). Likewise, here, we lack authority to exercise appellate jurisdiction over Ms. Hickman's appeal of what amounts to the trial court's denial of her petition to intervene as a third party beneficiary in order to enforce her parents' PSA. The trial court record makes clear that the underlying litigation involving her parents' respective complaints about the other parent's purported failure to comply with the terms of the PSA had not been fully resolved, as illustrated by the pendency of at least two additional motions filed by Ms. Broaddus against Mr. Broaddus but not yet ruled upon by the trial court at the time Ms. Hickman noted her appeal. See also Lewis, 271 Va. at 527-28, 628 S.E.2d at 318 (in divorce action, holding rejection on merits of cross-bill for annulment was not appealable interlocutory order and could be challenged only via appeal following entry of final decree of divorce).

Thus, we conclude that we lack jurisdiction to consider Ms. Hickman's interlocutory appeal.

III.

For these reasons, we dismiss Ms. Hickman's appeal without prejudice as outside our interlocutory jurisdiction under Code § 17.1-405(4).

Dismissed.