COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


MARYVIEW HOSPITAL, T/A
  MARYVIEW MEDICAL CENTER

v.      Record No. 1277-08-1

LATISHA WOODARD, ADMINISTRATRIX OF
  THE ESTATE OF JALIYAH N. LEE

NICOLA M. DAVIES, M.D.,                                    OPINION BY
  EASTERN VIRGINIA MEDICAL SCHOOL,              JUDGE LARRY G. ELDER
  EVMS ACADEMIC PHYSICIANS AND                    APRIL 28, 2009
  SURGEONS HEALTH CARE FOUNDATION AND
  GHENT FAMILY PRACTICE

v.      Record No. 1316-08-1

LATISHA WOODARD, ADMINISTRATRIX OF
  THE ESTATE OF JALIYAH N. LEE AND
  VIRGINIA BIRTH-RELATED
  NEUROLOGICAL INJURY COMPENSATION FUND


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Daniel M. Kincheloe (N. Beth Dorsey; Paul T. Walkinshaw;
        Hancock, Daniel, Johnson & Nagle, P.C., on briefs), for appellant
        Maryview Hospital, t/a Maryview Medical Center.

        Terry L. Jenkins (Glen A. Huff; Huff, Poole & Mahoney, P.C., on
        briefs), for appellants Nicola M. Davies, M.D., Eastern Virginia
        Medical School, EVMS Academic Physicians and Surgeons Health
        Services Foundation and Ghent Family Practice.

        Charles B. Lustig (Stephen C. Swain; Johnny S. Joannou;
        Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.; Joannou,
        Knowles & Associates, on brief), for appellee Latisha Woodard,
        Administratix of the Estate of Jaliyah N. Lee.

        No brief or argument for appellee Virginia Birth-Related
        Neurological Injury Compensation Fund.

Maryview Hospital, t/a Maryview Medical Center and Nicola M. Davies, M.D., Eastern Virginia Medical School, EVMS Academic Physicians and Surgeons Health Care Foundation, and Ghent Family Practice (hereinafter collectively appellants) appeal from a ruling of the Workers' Compensation Commission (the commission) with respect to the claim of Latisha Woodard, administratrix of the estate of deceased infant Jaliyah N. Lee, rendered pursuant to the Virginia Birth-Related Neurological Injury Compensation Act (the Act). Appellants contend the commission improperly concluded that if it found the infant sustained birth-related neurological injuries, it lacked jurisdiction under the Act to determine whether such injuries were caused by intentional or willful conduct of the appellants. They argue the commission erred in ordering that the claim based on willfulness be referred to the circuit court. Because the commission ruled only that the "willful" portion of the claim would not be allowed to proceed before the commission and did not rule on the merits of the portion of the claim it held was properly before it—whether the infant suffered a birth-related neurological injury caused by appellants—we hold the commission's determination was not an appealable interlocutory order, and we dismiss the appeals without prejudice.

I.

BACKGROUND

At Maryview Hospital on November 21, 2002, following a difficult labor, Latisha Woodard gave birth to infant Jaliyah Lee. The infant was placed on life support, and on December 2, 2002, Jaliyah was removed from life support and died, allegedly as a result of injuries sustained during birth. Woodard filed a motion for judgment against appellants[1] in the Portsmouth Circuit Court. The motion for judgment included allegations that appellants "acted

---

[1] Also named as defendants were Olugbenga S. Oredein, M.D., and Chesapeake OB/GYN and Associates, Inc., but they did not file a timely appeal of the commission's decision in this matter.

willfully, wantonly and recklessly in a grossly negligent and careless manner so as to evince a conscious disregard for the rights and safety of others, including Jaliyah and her parents," and the motion sought compensatory and punitive damages.

Appellants responded that they were participating providers under the Act as defined in Code § 38.2-5001. Based on that status and pursuant to Code § 8.01-273.1, they moved to have the cause of action stayed in the circuit court and referred to the commission for purposes of determining whether the cause of action satisfied the Act, in the apparent hope of limiting Woodard to the remedies provided for under the Act, as set out in Code § 38.2-5002(B). Woodard opposed the referral, arguing the exception of Code § 38.2-5002(C) for "intentionally or willfully caus[ing] or intend[ing] to cause a birth-related neurological injury" applied. As a result, she contended she was entitled to proceed with her civil suit in the circuit court.

Following argument on this issue, the circuit court ruled "the Commission has 'exclusive jurisdiction to decide whether an infant's claim lies within the purview of the Act[,]' Berner v. Mills, 265 Va. 408, 411, 579 S.E.2d 159, 160 (2003)," and that Code § 8.01-273.1 compelled it to refer the case to the commission for this determination as a result of appellants' requests for referral. The circuit court also concluded "[Woodard's] assertion that [appellants] in this case acted willfully and wantonly is unavailing . . . [and] is not enough to deprive the Commission of jurisdiction."

When the matter had been transferred to the commission, Woodard averred the commission lacked jurisdiction over both the wrongful death claim and the "claim that the injuries were the result of intentional or wilful [sic] and wanton acts of the [appellants]." She asked the deputy to "remove the matter" from the commission's docket and "refer [it] back to the circuit court for further adjudication with respect to the willful and intentional aspects of the case." The deputy denied the motion to the extent Woodard sought referral of the entire claim to

the circuit court, but he granted "the portion seeking to refer the claim for injuries alleged to arise from [appellants'] intentional or willful conduct." The deputy reasoned as follows:

> The General Assembly has . . . made it clear that the civil courts' jurisdiction no longer extends to claims for medical malpractice resulting in birth-related neurological injuries while the Commission's jurisdiction does not extend to claims made that physicians and hospitals intentionally or willfully caused or intended to cause these injuries. The plain language of § 38.2-5002(C) contemplates this result, recognizing that if its preconditions, filing before a final decision is rendered [by the commission] under the Act and no receipt of benefits under the Act, are met, a plaintiff may proceed with an action [in circuit court] under the common law for an injury to an infant caused by intentional or willful conduct.

In a review on the record, the commission unanimously affirmed what it referred to as the deputy's "interlocutory" determination.

Appellants then noted these appeals.

II.

ANALYSIS

"'The Court of Appeals of Virginia is a court of limited jurisdiction.' Unless a statute confers subject matter jurisdiction to that court over a class of appeals, [it] is without authority to review an appeal." Lewis v. Lewis, 271 Va. 520, 524-25, 628 S.E.2d 314, 316-17 (2006) (quoting Canova Elec. Contracting, Inc. v. LMI Ins. Co, 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996)). Pursuant to Code § 17.1-405(2) and (4), the Court of Appeals has appellate jurisdiction over any *final decision* of the Virginia Workers' Compensation Commission and any *interlocutory decree or order* in such a matter involving the granting, dissolving, or denying of an injunction or "*adjudicating the principles of a cause*." Code § 17.1-405(4) (emphasis added).

A final decree is one "'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court.'" Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (quoting Southwest Va. Hosps. v. Lipps, 193 Va. 191, 193,

68 S.E.2d 82, 83-84 (1951)).  Because the commission ruled it "has jurisdiction to entertain the portion of the claimant's claim for the decedent's [alleged] birth-related neurological injuries alleged to arise from the physicians['] and hospital's medical malpractice" but has not held a hearing or made a decision resolving that portion of the claim, manifestly its ruling is an interlocutory order rather than a final order.

For an interlocutory order to be held to have "adjudicat[ed] the principles of a cause," Code § 17.1-405(4), as required for immediate appeal,

> the decision must be such that "'the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.'" Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991) (quoting Lee v. Lee, 142 Va. 244, 252-53, 128 S.E. 524, 527 (1925)). . . . "'The mere possibility' that an interlocutory decree 'may affect the final decision in the trial does not necessitate an immediate appeal.'" Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991) (quoting Pinkard, 12 Va. App. at 853, 407 S.E.2d at 342).

Erickson, 19 Va. App. at 391, 451 S.E.2d at 712-13.

Applying these principles in Alliance to Save the Mattaponi v. Virginia Marine Resources Commission, 43 Va. App. 724, 726, 601 S.E.2d 684, 685 (2004), we held that a circuit court's order denying a request for intervention is not an appealable interlocutory order. In Lewis v. Lewis, 271 Va. 520, 526-28, 628 S.E.2d 314, 318 (2006), the Supreme Court held that, in a suit for divorce, an interlocutory order dismissing a cross-bill but leaving the original bill for adjudication is not an appealable order.  In City of Richmond-Fire & Emergency v. Brandon, 32 Va. App. 787, 789, 531 S.E.2d 22, 22-23 (2000), we held that an order of one of the commission's deputies denying a request for issuance of a subpoena *duces tecum* also was not an appealable interlocutory order because it did not "adjudicate the underlying cause."  We further noted that although *the commission* might have discretionary authority to conduct an

- 5 -

interlocutory review of the evidentiary ruling of one of its deputies, the ruling was not an interlocutory decision appealable to the Court of Appeals. Id. Thus, in Alliance, Lewis, and Brandon, we lacked authority to consider the appeal. See Alliance, 43 Va. App. at 726, 601 S.E.2d at 685, cited with approval in Lewis, 271 Va. at 528 n.5, 628 S.E.2d at 319 n.5 (recognizing an adverse interlocutory adjudication may be the subject of an appeal from a *final* adjudication); Brandon, 32 Va. App. at 789, 531 S.E.2d at 22-23.

Similarly, here, the commission's determination that it lacked jurisdiction to consider the portion of the claim "that the [infant's] injuries were the result of intentional or wil[l]ful and wanton acts of the [appellants]" was not an appealable order because it did not "adjudicate the underlying cause." Brandon, 32 Va. App. at 789, 531 S.E.2d at 22. Instead, the effect of the order was much like the denial of the motion to intervene in Alliance, the denial of the motion for issuance of a subpoena in Brandon, and the dismissal of the cross-bill in Lewis. In each of those cases, the court or commission had ruled that a particular claimant, claim or method of discovery would not be permitted as part of the underlying or primary claim, but the underlying claim had not been resolved. Similarly, here, the order appealed from determined only that the "willful" portion of the claim would not be allowed to proceed before the commission; the commission made no ruling on the portion of the claim it held was properly before it—whether Jaliyah suffered a birth-related neurological injury caused by appellants. "'The mere possibility' that the interlocutory decree '[might] affect the [commission's] final decision'" if it were reversed—by requiring the commission to consider the claim of intentional or willful conduct— "does not necessitate an immediate appeal." Polumbo, 13 Va. App. at 307, 411 S.E.2d at 229 (quoting Pinkard, 12 Va. App. at 853, 407 S.E.2d at 342).

III.

The commission ruled only that the "willful" portion of Woodard's claim would not be allowed to proceed before the commission.  The commission did not rule on the portion of the claim it held was properly before it—whether the infant suffered a birth-related neurological injury caused by appellants.  For this reason, we hold the commission's determination was not an appealable interlocutory order, and we dismiss the appeals without prejudice.[2]

Appeals dismissed.

___

[2] Upon our dismissal of these appeals, the commission shall proceed to address the underlying issue of whether the infant suffered a birth-related neurological injury caused by appellants.