COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Russell and Senior Judge Haley
Argued by videoconference

UNPUBLISHED

JASON BIRD

MEMORANDUM OPINION[*] BY
v.      Record No. 0382-21-4          JUDGE RANDOLPH A. BEALES
                                      NOVEMBER 9, 2021

GABRIELA BIRD

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

Rachel E. Rubinstein (Laurie Forbes Neff; The Geller Law Group,
PLLC, on briefs), for appellant.

Michelle Arian Wahab (Fierro & Kori, PLLC, on briefs), for
appellee.

During divorce proceedings between Jason Bird ("husband") and Gabriela Bird ("wife"),

wife filed a motion asking the Circuit Court of Fairfax County to clarify one paragraph of the

parties' Voluntary Property Settlement Agreement ("PSA"). The trial court entered an order

reforming that one paragraph of the PSA. Husband appealed the trial court's decision to this

Court. On September 22, 2021, this Court heard oral argument in this case. This Court directed

the parties to file supplemental briefs addressing whether this Court actually has subject matter

jurisdiction to hear the present appeal, which the parties filed with this Court on October 6 and 7,

2021.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND

Husband and wife married on October 8, 2016. They have one son together. The couple separated on January 13, 2020. On June 22, 2020, husband and wife signed the PSA, which included provisions that dealt with spousal support, child support, and child custody.

On December 11, 2020, wife filed a complaint for divorce against husband. In her complaint for divorce, wife goes into great detail as to why she deserves to be granted a divorce based "on the grounds of desertion and cruelty" (although she also states that she could receive a divorce based on living separate and apart for over a year after constructive desertion). In addition, wife requested that the PSA "be affirmed, ratified, and incorporated, but not merged, into a Final Decree of Divorce, with the exception of paragraphs 28-30 regarding child support." Wife, asserting that "there have been multiple material changes of circumstances" since the execution of the PSA, asked the trial court to award her "child support both *pendente lite* and permanently for the support and maintenance of the minor child." Furthermore, wife sought that husband "be ordered to pay the costs of this suit," including attorney's fees, and "[t]hat this Court award such other and further relief as this Court, in Equity, deems reasonable and proper."

On January 21, 2021, husband filed a counter-complaint for divorce based "on the grounds of having lived separate and apart" for more than one year. Husband also asserted that there were "material changes in circumstances occurring since the execution" of the PSA that required the trial court to modify the existing custody and visitation arrangement. Therefore, husband requested that the trial court award him "legal and physical custody of the parties' minor child as dictated by the child's best interests" and that wife be awarded visitation – the opposite of what currently is the case as the PSA directs.

During the divorce proceedings, wife filed a motion for the trial court to clarify paragraph 18 of the PSA, which addresses the issue of the spousal support that husband had agreed to pay

- 2 -

wife. Husband disputed wife's interpretation of that paragraph with respect to the frequency of the payment obligation, and the trial court held a hearing to resolve this issue. The trial court then ordered that "Paragraph 18 of the parties' Voluntary Property Settlement Agreement be reformed to reflect a monthly spousal support obligation of $1,700 per month." In addition, the trial court concluded, "In all other respects, Paragraph 18 of the parties' Voluntary Property Settlement Agreement shall remain in full force and effect." Husband then appealed this order from the trial court to this Court.

## II. ANALYSIS REGARDING JURISDICTION

Neither party questioned this Court's subject matter jurisdiction in the briefs that the parties filed with this Court in preparation for oral argument of this case. However, at oral argument before this Court, wife's counsel mentioned that the trial court proceedings were still ongoing. On September 27, 2021, this Court directed:

> Given that, during oral argument before this Court, counsel represented that the divorce is still being contested in the trial court, the parties are directed to file supplemental briefs addressing whether this Court has subject matter jurisdiction to hear the present appeal, see, e.g., Code § 17.1-405, or whether this matter arises as an impermissible appeal of an interlocutory order.

Husband and wife subsequently filed supplemental briefs addressing this question and now disagreeing over whether this Court currently has subject matter jurisdiction over the appeal now before us.

In Lewis v. Lewis, 271 Va. 520, 524 (2006) (quoting Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599 (1996)), the Supreme Court of Virginia stated, "The Court of Appeals of Virginia is a court of limited jurisdiction." Without a statute conferring jurisdiction on this Court, we lack "authority to review an appeal." Id. at 524-25; see Tesla, Inc. v. Virginia Auto. Dealers Ass'n, 68 Va. App. 509, 512 (2018) (dismissing appeal for lack of

jurisdiction).  The Supreme Court has also been clear that "the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court sua sponte.'" Watson v. Commonwealth, 297 Va. 347, 352 (2019) (quoting Morrison v. Bestler, 239 Va. 166, 169-70 (1990)).

Code § 17.1-405(3)(b)-(d) gives this Court subject matter jurisdiction over appeals from "[a]ny final judgment, order, or decree of a circuit court involving . . . Divorce; Custody; Spousal or child support."  In this case, appellant does not even argue that the trial court's order now before us is a final judgment, order, or decree.  Instead, husband contends that it is an interlocutory order that "constitutes a final adjudication of the rights of the parties with respect to spousal support in a manner that will necessarily impact the final order of their case."  As a result, husband contends that "[t]he Court of Appeals accordingly has subject matter jurisdiction to hear this appeal pursuant to Virginia Code § 17.1-405(4)."

Code § 17.1-405(4)(ii) confers jurisdiction on this Court over appeals from "[a]ny interlocutory decree or order entered in any of the cases listed in this section . . . adjudicating the principles of a cause."  Following Supreme Court precedent, this Court has ruled, "To adjudicate the principles of a cause, the decree must determine the rules by which the court will determine the rights of the parties."  Pinkard v. Pinkard, 12 Va. App. 848, 851 (1991) (citing Lee v. Lee, 142 Va. 244, 252 (1925)).  "The decree must determine that 'the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.'"  Id. (quoting Lee, 142 Va. at 252-53).  This Court has explained that "[t]he order must be one that 'adjudicates the underlying cause'" of the case.  de Haan v. de Haan, 54 Va. App. 428, 439 (2009) (citing City of Richmond-Fire & Emergency v. Brandon, 32 Va. App. 787, 789 (2000)).  In addition, "[t]he order must

- 4 -

address 'the chief object[s] of the suit.'" Id. (citing Erikson v. Erikson, 19 Va. App. 389, 391 (1994)).

Here, husband appealed an order of the trial court that reforms one paragraph relating to spousal support in a forty-two-paragraph PSA that also covers issues such as child support and child custody. Even assuming that this order constitutes a final adjudication of *spousal support*, it does not adjudicate the "principles of a cause." See Code § 17.1-405(4)(ii). Spousal support is only one of several issues in dispute here that the parties submitted to the jurisdiction of the trial court in this suit for divorce, and it is the only one of those disputed issues that the circuit court has resolved in the order on appeal to this Court. Husband asked for a no-fault divorce, based on living separate and apart for more than a year, while wife based her complaint for a fault-based divorce on the grounds of cruelty and desertion. Wife has asked the trial court not to incorporate paragraphs 28-30 of the PSA and to modify those paragraphs to increase husband's child support obligations. At the same time, husband has asked the trial court to award him legal and physical custody of their son – the opposite of what the PSA establishes. It appears from the record before us in this appeal that the trial court has yet to render a decision on *any* of these matters – *all of which remain in dispute*. In short, all of these matters remain in the breast of the trial court still awaiting decision.

Husband contends that "[a] determination of spousal support is one that goes to the chief principles of a suit in a divorce case that may be resolved with finality through an interlocutory order." However, "where a trial court in a divorce suit enters an order resolving only some of the main objects of the suit, such an order normally does not adjudicate 'the principles of a cause.'" de Haan, 54 Va. App. at 443. As this Court explained in de Haan, "To hold otherwise would permit divorce litigants to appeal each order of the trial court adjudicating the divorce, custody, equitable distribution, child support, or spousal support." Id. While this Court can hear an

appeal of an interlocutory order awarding spousal support when that order does adjudicate the principles of a cause, the interlocutory order appealed in this case fails to address many of the questions raised in the complaint for divorce. Cf. Crowder v. Crowder, 125 Va. 80, 83 (1919) (deciding that an interlocutory order was appealable because it was "an adjudication of all the questions raised by the complainant's bill").

Furthermore, this case now before us is highly distinguishable from the situation that was before us in Chaplain v. Chaplain, 54 Va. App. 762, 770 (2009). In Chaplain, this Court determined that an interlocutory order was appealable "where the evidence of the divorce is uncontested, and the only issue before the trial court was whether the parties' property rights upon divorce were governed by their premarital agreement." Id. In this case, the circuit court order now before us addresses nothing beyond the reformation of one paragraph of the PSA relating to spousal support. Because there are a number of contested issues left before the trial court for it to resolve in this divorce case, the trial court's order does not adjudicate the principles of a cause in this case. Therefore, this Court must dismiss husband's appeal for lack of subject matter jurisdiction.

## III. CONCLUSION

In short, this Court does not have subject matter jurisdiction to hear husband's appeal of an interlocutory order reforming one paragraph of a property settlement agreement but dealing with only one of a number of contested issues in an ongoing divorce case. The trial court entered an order reforming paragraph 18 of the PSA relating to spousal support. Husband appealed that order to this Court. While that order does resolve a dispute between husband and wife regarding spousal support, there are simply a number of other outstanding issues remaining in dispute in this divorce case that the trial court has not yet resolved. For example, wife's request for an increased award of child support for their son has yet to be resolved. Likewise, her request for

the trial court not to incorporate into a final decree paragraphs 28-30 of the PSA relating to child support also remains unresolved. Wife's request for a fault-based divorce on the grounds of desertion and cruelty (versus husband's request for a no-fault divorce on the grounds of living separate and apart for more than one year) remains pending before the trial court. In addition, husband's request for legal and physical custody of their son is also not addressed in the circuit court order now before this Court.

Because there is still much to be further decided in this matter in the circuit court, this Court cannot say that the circuit court order now before us is actually an interlocutory decree or order "adjudicating the principles of a cause" under Code § 17.1-405(4)(ii). Therefore, for all of these reasons, this Court does not have subject matter jurisdiction to hear this appeal, and husband's appeal, consequently, must be dismissed.

<u>Dismissed.</u>